[No. S128884. June 15, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT NICHOLAS CORPUZ, Defendant and Appellant.

**COUNSEL**

Oliver J. Northup, Jr., under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, J. Robert Jibson, Janet E. Neeley and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GEORGE, C. J.**—We granted review to construe the stalking statute, which makes it a felony to engage in certain defined conduct when "there is a temporary restraining order, injunction, *or any other court order* in effect prohibiting" that "behavior . . . against the same party." (Pen. Code, § 646.9,

subd. (b), italics added; hereafter section 646.9(b).)[1] We must decide whether the italicized language includes a so-called stay away order imposed as a condition of probation. We conclude, based upon the statute's language and history, that it does.

I

Defendant had a two-year-old child with his former girlfriend, Evelia Chavez. In 2001 defendant was arrested after pushing and shoving Chavez. Based upon that incident, defendant was convicted of "spousal battery" (§ 243, subd. (e)(1)), a misdemeanor, and was placed on probation for a three-year term, which included the following requirement: "Defendant ordered to stay away from Evie Chavez during probationary period."

Defendant and Chavez thereafter resumed their relationship, but stopped dating in March 2002 when Chavez became involved with a previous boyfriend. Subsequently, on three separate occasions, defendant went to the department store where Chavez was employed and attempted to speak with her. On one occasion, he pulled her arm and shirt upon learning that she was involved with another man.

Approximately 11:30 p.m. on April 25, 2002, defendant contacted Chavez on her cell phone, and grew upset after he came to believe that she and the baby were with Chavez's boyfriend. Defendant threatened Chavez, telling her: "I'm going to kick your ass and watch you and your boyfriend. When I see you guys together I'm going to shoot you guys." Immediately thereafter, defendant left numerous threatening telephone messages for Chavez. Later that same night Chavez drove from her girlfriend's home to her own home. After Chavez parked her car, about midnight, defendant emerged from some bushes and repeatedly punched and kicked the driver's side window and door while attempting to open the locked car. Chavez backed out of her driveway and called 911 on her cell phone as defendant ran after her.

Defendant was arrested, prosecuted, and eventually convicted by a jury of, among other things, felony stalking (§ 646.9(b)), for which he was sentenced to the middle term of three years in prison.

Defendant argued on appeal that his conviction under section 646.9(b) must be reversed because the probationary "stay away" order upon which the conviction was based does not fall within the meaning of "any other court order" as used in that statutory subdivision. The Court of Appeal agreed with defendant, concluding that although a stay away condition of probation is

---

[1] All subsequent statutory references are to the Penal Code.

indeed a court order, a felony stalking conviction cannot be based upon a violation of a condition of probation. The appellate court accordingly reduced defendant's stalking conviction under section 646.9(b) to a misdemeanor under section 646.9, subdivision (a), and remanded for resentencing.

We granted the People's petition for review. We reverse the judgment rendered by the Court of Appeal.

## II

Section 646.9, subdivision (a), describes a "wobbler" offense—that is, a crime punishable as either a misdemeanor (by incarceration in county jail) or a felony (by incarceration in state prison). The statute provides: "Any person who willfully, maliciously, and repeatedly follows or willfully and maliciously harasses another person and who makes a credible threat with the intent to place that person in reasonable fear for his or her safety, or the safety of his or her immediate family is guilty of the crime of stalking, punishable by imprisonment in a county jail . . . or . . . in the state prison." (*Ibid.*)

Section 646.9(b), which we must construe in this case, describes a straight felony offense. It provides: "Any person who violates subdivision (a) when there is a temporary restraining order, injunction, *or any other court order* in effect prohibiting the behavior described in subdivision (a) against the same party, shall be punished by imprisonment in the state prison for two, three, or four years." (Italics added.) In other words, the conduct described in subdivision (a) of the statute becomes a felony when, at the time the act is committed, any of the conditions described in section 646.9(b) exist.

The plain language of the relevant condition—"or any other court order"—includes a stay away order issued as a condition of probation. Any ambiguity or doubt in this respect is dispelled by the history of the provision, which discloses the Legislature's intent to include, in the quoted phrase, orders issued as a condition of probation.

As originally enacted in 1990, a violation of section 646.9, subdivision (a)—the basic stalking provision—was designated a misdemeanor. (Stats. 1990, ch. 1527, § 1, pp. 7143–7144.) Under subdivision (b) of the statute as enacted, a violation of subdivision (a) "when there is a temporary restraining order or an injunction, or both, in effect prohibiting the behavior described in subdivision (a) against the same party" was expressly punishable as a wobbler. (Stats. 1990, ch. 1527, §1, at p. 7144.)

Subsequent to its adoption, the statute was amended on numerous occasions in order to strengthen its provisions and increase the punishment

provided. The first of these amendments—Senate Bill No. 1342 (1991–1992 Reg. Sess.)—was introduced by Senator Royce (sponsor of the original measure as well) in late January 1992. That bill proposed to modify the statute in three general ways, including by providing a new subdivision (c) that *additionally* would designate as a wobbler a violation of the statute by "[a]ny person who violates subdivision (a) *when that person is on probation* or parole *on the condition that they are prohibited from the behavior described in subdivision (a)* against the same party . . . ." (Sen. Bill No. 1342 (1991–1992 Reg. Sess.) as introduced Jan. 29, 1992, § 1, some italics omitted.) The Legislative Counsel's Digest prepared for the bill treated this proposed amendment as linked with the "temporary restraining order or an injunction" provision, section 646.9, subdivision (b) as enacted in 1990 (Stats. 1990, ch. 1527, §1, p. 7144).[2]

Thereafter, Senate Bill No. 1342 (1991–1992 Reg. Sess.) itself was amended on April 21, 1992, to provide that the newly proposed subdivision (c), described above, be *eliminated*, and to modify subdivision (b) to read—as it does today—as applicable "when there is a temporary restraining order, injunction, *or any other court order* in effect prohibiting the behavior described in subdivision (a) against the same party . . . ." (Sen. Bill No. 1342 (1992 Reg. Sess.) as amended Apr. 21, 1992, § 1, some italics omitted.) Once again, the Legislative Counsel's Digest prepared for the bill treated both of these proposed changes as linked.[3]

This coordinated treatment of proposed subdivision (c) and its reference to probation conditions, and the eventual withdrawal of that proposed subdivision together with the simultaneous addition to subdivision (b) of the

---

[2] The Legislative Counsel's Digest divided the various amendments proposed by Senate Bill No. 1342 (1991–1992 Reg. Sess.) into three categories, and addressed the final category as follows: "(3) Under existing law, any person who violates a temporary restraining order or an injunction, or both, that prohibits the behavior described in (1) [section 646.9, subdivision (a)] against the same party is punishable as a misdemeanor or a felony, as specified. [¶] This bill would provide, with respect to a person granted probation or release on parole upon the condition that they are prohibited from the behavior described in (1) [section 646.9, subdivision (a)] against the same party, that a violation of that condition is punishable as a misdemeanor or a felony, as specified . . . ."

[3] The relevant part of the Legislative Counsel's Digest was as follows: "(3) Under existing law, any person who violates a temporary restraining order or an injunction, or both, that prohibits the behavior described in (1) [section 646.9, subdivision (a)] against the same party is punishable as a misdemeanor or a felony, as specified. [¶] This bill would provide, with respect to a person granted probation or released on parole upon the condition that they are prohibited from the behavior described in (1) [section 646.9, subdivision (a)] against the same party, that a violation of that condition is punishable as a misdemeanor or a felony, as specified. . . . [¶] *This bill would additionally provide that any person who violates any other court order in effect prohibiting the behavior described in [section 646.9, subdivision (a)] against the same party is guilty of a misdemeanor or a felony, as specified.*" (Legis. Counsel's Dig., Sen. Bill No. 1342 (1991–1992 Reg. Sess.) as amended Apr. 21, 1992.)

inclusive language at issue in this case, convinces us that the Legislature intended, by the April 21, 1992, amendment of Senate Bill No. 1342 (1991–1992 Reg. Sess.) and the eventual adoption of that amended bill, to incorporate probation conditions (including stay away orders such as the one at issue in the present case) within section 646.9(b)'s phrase "or any other court order."

Defendant contests this interpretation of the foregoing legislative history. Relying upon three documents, he asserts that they "demonstrate[] affirmatively that the [L]egislature did not intend that additional punishment be imposed for stalking in violation of conditions of probation . . . ." We disagree.

The first document, apparently dated April 2, 1992, is from the Sacramento Legislative Office of the Los Angeles District Attorney and is titled "Explanation of Proposed Amendments to SB 1342 (Royce)." According to defendant, this document was located in the Senate Committee on Judiciary's bill file for Senate Bill No. 1342 (1991–1992 Reg. Sess.). The second document, dated April 7, 1992, stamped "working copy," and prepared for a hearing on April 7, 1992, appears to be a product of the Senate Committee on the Judiciary, analyzing Senate Bill No. 1342 (1991–1992 Reg. Sess.) as introduced and stating that the bill "reflects author's amendments to be offered in committee." The third document, dated April 21, 1992, and also stamped "working copy," is, according to defendant, the "Third Reading floor analysis of SB 1342 from the Legislative Bill file of the Assembly Committee on Public Safety . . . ."

Of these documents, only the latter two were generated by the Legislature itself. As defendant acknowledges, neither of those documents refers to—let alone discusses or analyzes—the deletion of proposed subdivision (c) and/or the simultaneous addition of the phrase "or any other court order" to section 646.9(b). Accordingly, neither illuminates the Legislature's intent in taking this action.[4] The first document, prepared by the Los Angeles District Attorney's legislative office, does mention proposed subdivision (c), but not subdivision (b). As defendant emphasizes, that document asserts in part: "Subdivision (c) is not necessary and is in fact redundant if a higher penalty is imposed for a second or subsequent conviction."

The district attorney's cryptic comment apparently referred to subdivision (c) of the original statute (redesignated as subdivision (d) in the January 29

---

[4] Subsequent legislative history documents do refer to the April 21, 1992, amendment expanding section 646.9(b) (to include the phrase "or any other court order"), but they do not contain any analysis or description of that change. (See, e.g., Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1342 (1991–1992 Reg. Sess.) for hearing on June 30, 1992.)

version of Senate Bill No. 1342 (1991–1992 Reg. Sess.), presently once again designated as subdivision (c)), which always has provided for increased punishment for a second or subsequent conviction involving the same victim. From this, defendant—echoing a similar argument advanced by the Court of Appeal in its opinion below—appears to suggest, *first*, that the eventual deletion of the version of subdivision (c) containing the probation-condition language was undertaken at least partially in response to the Los Angeles District Attorney's suggestion that the provision was unnecessary insofar as penalty was concerned, and *second*, that the simultaneous expansion of section 646.9(b) to include the language "or any other court order" was wholly unrelated to this change in that version of subdivision (c). Even assuming the first point, the second proposition does not follow. In any event, the latter proposition finds no support in any document that we have seen, and as demonstrated above, the relevant history strongly suggests otherwise: that the two changes indeed were linked and coordinated, and that the April 21 amendments reflected, at least in part, an intent to expand section 646.9(b) to include probation orders such as the one here at issue. We find no basis upon which to conclude that the Legislature actually may have intended, by the April 21 amendment, to accomplish something other than what is implied by the history we have surveyed.

Finally, defendant discerns support for his view in a further change made to Senate Bill No. 1342 (1991–1992 Reg. Sess.) on July 6, 1992. On that date, the bill sponsor proposed a new subdivision (presently § 646.9, subd. (k)) allowing a court to issue an order restraining a defendant from contact with a victim for a period of up to 10 years. Defendant suggests the challenged language ("or any other court order") that was added to section 646.9(b) on April 21, 1992, must have been included at that time so as to accommodate the sponsor's *future* amendment—made two and a half months later—permitting a court to issue long-term restraining orders that would last up to 10 years. And yet, defendant implicitly argues, the same April 21 amendment did *not* contemplate inclusion of violations of stay away orders issued in connection with a grant of probation. In light of the history recounted above, we find defendant's reading to be implausible. It is much more likely that the April 21 amendment—which, as noted earlier, simultaneously *eliminated* formerly proposed subdivision (c) and its reference to probation conditions prohibiting stalking behavior and *added* the phrase, "or any other court order" to subdivision (b)—was coordinated and designed to fold probation orders such as the one here at issue into the amended inclusive language of subdivision (b).

### III

The judgment rendered by the Court of Appeal is reversed.

Kennard, J., Werdegar, J., Chin, J., Moreno, J., Corrigan, J., and Hollenhorst, J.,[*] concurred.

---

[*] Associate Justice, Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.