Filed 5/22/14  P. v. Lopez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FELIX LOPEZ,<br><br>    Defendant and Appellant. | F066954<br><br>(Super. Ct. No. 1076152)<br><br>**ORDER MODIFYING OPINION AND DENYING REHEARING [CHANGE IN JUDGMENT]** |

**BY THE COURT:**

It is ordered that the opinion filed herein on April 24, 2014, be modified in the following particulars:

1.  On page 3, in the fourth full paragraph commencing "The issue is," the second sentence commencing "This issue was resolved" is deleted and the following sentence is inserted:

> The People rely on the case of *People v. Briceno* (2004) 34 Cal.4th 451 (*Briceno*) to argue the 10-year enhancement was imposed properly.

2.  On page 5, the paragraph commencing "While the question" is deleted and the following paragraphs are inserted:

> The issue presented in *Briceno* differs from the issue presented here. Lopez concedes his conviction for violating section 136.1, subdivision (a)(2) is a serious felony.  Section 1192.7 includes within its definition of a serious

felony "intimidation of victims or witnesses, in violation of Section 136.1." (§ 1192.7, subd. (c)(37).)

Violent felonies, however, are defined in section 667.5. As pertinent here, the section includes within its definition of violent felonies "Threats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code." (§ 667.5, subd. (c)(20).) Therefore, a violation of section 136.1 is a violent felony only if it involves "threats to victims or witnesses."

As we explained in our earlier opinion, *People v. Lopez* (2012) 208 Cal.App.4th 1049, a conviction for violation of section 136.1 may occur without a threat being made because the Legislature has created two distinct crimes. A defendant violates section 136.1, subdivision (a)(2) when he or she knowingly and maliciously attempts to prevent or dissuade a witness from testifying. If the attempt to dissuade a witness from testifying is "accompanied by force or by an express or implied threat of force or violence," a defendant has violated section 136.1, subdivision (c)(1).

This distinction is important because a violation of section 136.1, subdivision (a)(2) is a wobbler, subjecting the defendant to a term of one year in jail or a sentencing triad of 18 months, or two or three years. A violation of section 136.1, subdivision (c)(1) is a felony, subjecting the defendant to a prison term of either two, three, or four years.

In this case, the information did not charge Lopez with making a threat. Lopez was charged with violating section 136.1, subdivision (a)(2), not subdivision (c)(1). Accordingly, the jury did not find Lopez had used a threat when he attempted to dissuade the witness from testifying. Thus, the crime is a serious felony, but not a violent felony, and the proper enhancement to be imposed for committing the crime for the benefit of a criminal street gang is five years. (§ 186.22, subd. (b)(1)(B).)

3. On page 5, under the heading **DISPOSITION,** the single paragraph is deleted and the following paragraph is inserted:

The 10-year enhancement imposed on the intimidation of a witness count is vacated, and the matter is remanded to the trial court for resentencing on this count. The judgment is otherwise affirmed.

2.

This modification changes the judgment.

Appellant Felix Lopez's petition for rehearing is denied.

_____
CORNELL, Acting P.J.

WE CONCUR:


_____
GOMES, J.


_____
DETJEN, J.

Filed 4/24/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>FELIX LOPEZ,<br><br>    Defendant and Appellant. | F066954<br><br>(Super. Ct. No. 1076152)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Stanislaus County. Scott T. Steffen, Judge.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey Grant, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Gomes, J. and Detjen, J.

## PROCEDURAL SUMMARY

A jury convicted Felix Lopez of the murder of Michael Valles (Pen. Code, § 187),[1] discharge of a firearm at an occupied building (§ 246), possession of a firearm by a felon (former § 12021.1), active participation in a criminal street gang (§ 186.22, subd. (a)), and attempting to dissuade a witness from testifying (§ 136.1, subd. (a)(2)). Although numerous enhancements were found true by the jury, the only allegations relevant to this appeal that were found true were:  (1) the attempt to dissuade a witness from testifying was committed for the benefit of a criminal street gang, and (2) Lopez had suffered a prior conviction that constituted a strike within the meaning of section 667, subdivisions (b)-(i).

In the first appeal from the judgment (*People v. Lopez* (2012) 208 Cal.App.4th 1049), we affirmed the convictions, but remanded the matter for resentencing on the convictions for active participation in a criminal street gang and attempting to dissuade a witness from testifying.  The issues in this appeal are limited to the sentence imposed on the count for attempting to dissuade a witness from testifying.  The trial court imposed a sentence of two years, doubled to four years pursuant to section 667, subdivision (e)(1), and added a term of 10 years for the gang enhancement.  Lopez asserts the trial court chose the incorrect base term and the incorrect term for the gang enhancement.

## DISCUSSION

### *Base Term*

The penalty for a violation of section 136.1, subdivision (a)(2) is "imprisonment in a county jail for not more than one year or in the state prison."  (*Id.*, subd. (a).)  The offense, therefore, is a "wobbler" because it is punishable as either a misdemeanor or a felony.  (*People v. Corpuz* (2006) 38 Cal.4th 994, 997.)  The offense is a felony since Lopez was sentenced to state prison.  (*People v. Upsher* (2007) 155 Cal.App.4th 1311,

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

1320.)  Since section 136.1 does not give a specific term of imprisonment for a felony offense of the statute, Lopez was subject to a term of imprisonment of 16 months, two years, or three years.  (§ 18.)  The trial court chose the midterm of this range.  No error occurred.

*Enhancement*

The enhancement was imposed pursuant to section 186.22, subdivision (b)(1).  This section provides that if a person is convicted of a felony, his or her sentence shall be enhanced (increased) if the jury determines the crime was committed for the benefit of a criminal street gang.  The length of the enhancement, the issue in this case, depends on the felony of which the defendant stands convicted.  For most felony convictions, the trial court has discretion to choose from a triad of two, three, or four years.  (*Id.*, subd. (b)(1)(A).)  If the felony is a serious felony as defined in section 1192.7, subdivision (c), the term of the enhancement is five years.  (§ 186.22, subd. (b)(1)(B).)  If the felony is a violent felony as defined in section 667.5, subdivision (c), the term of enhancement is 10 years.  (§ 186.22, subd. (b)(1)(C).)

The trial court determined that a violation of section 136.1, subdivision (a)(2) was a violent felony and imposed the 10-year enhancement.  Lopez concedes the conviction was a serious felony, requiring a five-year enhancement, but argues it was not a violent felony.

Intimidation of victims or witnesses in violation of section 136.1 is a serious felony.  (§ 1192.7, subd. (c)(37).)  Threats to victims or witnesses as defined in section 136.1 is a violent felony if it would constitute a felony violation of section 186.22.  (§ 667.5, subd. (c)(20).)

The issue is whether Lopez's conviction would constitute a felony violation of section 186.22.  This issue was resolved by the Supreme Court in *People v. Briceno* (2004) 34 Cal.4th 451 (*Briceno*).  Briceno committed various crimes and the jury found true the allegation the crimes were committed for the benefit of a criminal street gang.

3.

The trial court found the defendant had suffered two prior serious felony convictions within the meaning of the "Three Strikes" law. The issue was whether the prior conviction for carrying a concealed firearm (former § 12025, subd. (b)(3)) while an active participant in a criminal street gang (§ 186.22, subd. (b)(1)) was a serious felony as defined in section 1192.7, subdivision (c).[2] Briceno argued this conviction was not a serious felony because it was not listed as such in section 1192.7, subdivision (c). The Attorney General argued subdivision (c)(28) of section 1192.7 resulted in Briceno's conviction becoming a serious felony.

Section 1192.7, subdivision (c)(28) added to the list of serious felonies "any felony offense, which would also constitute a felony violation of Section 186.22." The Supreme Court framed the issue as whether this language meant that only the substantive offense of being an active member in a criminal street gang (§ 186.22, subd. (a)) was a serious felony, or did the language now define a serious felony as any felony that the jury concluded was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)).

The Supreme Court acknowledged the language of the statute was not clear on its face, but concluded the intent of the voters who passed the ballot measure was to elevate any felony committed for the benefit of a criminal street gang to a serious felony. (*Briceno, supra,* 34 Cal.4th at p. 459.) Briceno argued this interpretation rendered superfluous the addition of section 667.5, subdivision (c)(19) and (20), which added to the list of violent felonies violations of sections 518 (extortion) and 136.1 (threats to victims or witnesses) when they "would constitute a felony violation of Section 186.22 of the Penal Code." (§ 667.5, subd. (c)(19), (20).) The Supreme Court rejected this argument.

---

[2]The trial court also found true Briceno had been convicted of being a felon in possession of a firearm. The issue is identical to both convictions, so we will focus on the carrying a concealed firearm conviction.

"Specifically, extortion (§ 518) is a felony offense that becomes a *violent* felony when it is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang enhancement. (§ 667.5, subd. (c)(19).) Making threats to victims or witnesses (§ 136.1) is a *serious* felony (§ 1192.7, subd. (c)(37)) that becomes a *violent* felony when it is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang enhancement. (§ 667.5, subd. (c)(20).) Section 1192.7(c)(28), on the other hand, turns *any* felony offense that includes a gang enhancement under section 186.22(b)(1) into a *serious* felony. Thus, contrary to defendant's claim, each of the above subdivisions has a different effect; there is no overlap among these provisions, which were all enacted by Proposition 21, suggesting that the voters thoughtfully enacted a comprehensive penalty and punishment scheme." (*Briceno,* at p. 463.)

While the question of whether section 667.5, subdivision (c)(20) caused a felony violation of section 136.1 to become a violent felony when committed for the benefit of a criminal street gang was not the issue before the Supreme Court, we find this analysis compelling. Accordingly, we conclude Lopez's conviction for violation section 136.1, subdivision (a)(2) is a violent felony as defined in section 667.5, subdivision (c)(20) because the crime was committed for the benefit of a criminal street gang. Since the crime was a violent felony, the trial court properly imposed the 10-year enhancement.

## DISPOSITION

The judgment is affirmed.