[No. S117641. Nov. 4, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ALBERTO FRANCISCO BRICENO et al., Defendants and Appellants.

COUNSEL

Leslie Conrad, under appointment by the Supreme Court, for Defendant and Appellant Alberto Francisco Briceno.

Frederick L. McBride, under appointment by the Court of Appeal, for Defendant and Appellant Evaristo Landin.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Gil P. Gonzalez and Ronald A. Jakob, Deputy Attorneys General, for Plaintiff and Respondent.

Tony Rackauckas, District Attorney (Orange) and Brian N. Gurwitz, Deputy District Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

## OPINION

**MORENO, J.**—At the March 7, 2000 Primary Election, the California electorate passed Proposition 21, the Gang Violence and Juvenile Crime Prevention Act of 1998. Proposition 21 made significant changes in the law concerning gang-related crime. In this case, we decide whether Penal Code[1] section 1192.7, subdivision (c)(28) (section 1192.7(c)(28)), which adds to the list of serious felonies "any felony offense, which would also constitute a felony violation of Section 186.22," applies only to the substantive offense of active participation in a criminal street gang defined in section 186.22, subdivision (a) (section 186.22(a)), or whether it also applies to any felony offense committed for the benefit of a criminal street gang, as defined in the section 186.22, subdivision (b)(1) (section 186.22(b)(1)) gang sentence enhancement.

For the reasons stated below, we conclude that the definition of "serious felony" in section 1192.7(c)(28) also includes "any felony offense" that was committed for the benefit of a criminal street gang within the meaning of section 186.22(b)(1). We reverse the judgment only insofar as the Court of Appeal reversed the trial court's finding that defendant had suffered a prior conviction for a serious felony and remanded the matter for resentencing. In all other respects, we affirm the judgment.

### PROCEEDINGS BELOW

On Christmas Day, 2000, defendants Alberto Francisco Briceno and Evaristo Landin went on a crime spree in Orange County, robbing four people at gunpoint in four separate incidents. Defendant Briceno[2] was convicted of four counts of robbery (§ 211), and the jury found true the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The issue before the court involves only the prior conviction allegations against defendant Briceno. There are no issues pending before our court regarding defendant Landin. Hereafter, "defendant" refers to defendant Briceno.

allegation that the robberies were committed for the benefit of a criminal street gang under section 186.22(b)(1).[3]

In a bifurcated trial held after the jury had reached its verdicts, the trial court found true allegations that defendant had suffered two prior convictions of serious felonies within the meaning of the "Three Strikes" law[4] and section 667, subdivision (a)(1).[5] One prior conviction—for shooting at an occupied vehicle in violation of section 246—was not challenged on appeal and is not at issue here. The other prior "conviction" was, in actuality, two convictions that occurred on the same day but were jointly alleged as one prior serious felony—a conviction for unlawful possession of a firearm by a felon for the benefit of a criminal street gang (§§ 12021, subd. (a), 186.22(b)(1)), and a conviction for carrying a concealed firearm while an active participant in, and for the benefit of, a criminal street gang (§§ 12025, subd. (b)(3), 186.22(b)(1)). Defendant received an indeterminate sentence of 27 years to life, consecutive to a determinate term of 23 years and four months.

The Court of Appeal reversed the trial court's finding that defendant's prior convictions of section 12021, subdivision (a), and section 12025, subdivision (b)(3), constituted a prior conviction of a serious felony within the meaning of the Three Strikes law and section 667, subdivision (a)(1). Noting that section 12021, subdivision (a) and section 12025, subdivision (b)(3) are not listed as serious felonies in section 1192.7, subdivision (c), the Court of Appeal rejected the Attorney General's argument that the conviction was a serious felony because the sentence had been enhanced under section 186.22(b)(1), which applies to crimes committed for the benefit of a criminal street gang.

---

[3] Section 186.22(b)(1) provides in pertinent part that "any person who is convicted of a felony committed for the benefit of . . . any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished as follows: [¶] (A) Except as provided in subparagraphs (B) and (C), the person shall be punished by an additional term of two, three, or four years at the court's discretion. [¶] (B) If the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [¶] (C) If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years."

[4] The Three Strikes law defines a prior conviction as "Any offense defined in subdivision (c) of Section 667.5 as a violent felony or any offense defined in subdivision (c) of Section 1192.7 as a serious felony in this state." (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)

[5] Section 667, subdivision (a)(1) provides in pertinent part that "any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Section 667, subdivision (a)(4) provides: "As used in this subdivision, 'serious felony' means a serious felony listed in subdivision (c) of Section 1192.7."

The Attorney General had relied upon section 1192.7(c)(28), which adds to the list of serious felonies "any felony offense, which would also constitute a felony violation of Section 186.22." The Court of Appeal ruled that a conviction for a crime that is not listed as a serious felony that includes a gang enhancement under section 186.22(b)(1) is not a strike "[b]ecause a criminal street gang enhancement . . . cannot be used to transform an . . . offense [not on the section 1192.7, subdivision (c) serious felony list] into a 'serious' felony." Equating the term "felony violation" with "felony offense," the Court of Appeal reasoned that the section 1192.7(c)(28) phrase, "any felony offense, which would also constitute a felony *violation* of Section 186.22" (italics added), is limited to the one substantive felony *offense* contained in section 186.22, active participation in a criminal street gang in violation of section 186.22(a).[6] Section 186.22(b)(1), because it adds an additional term of imprisonment to the base term of the underlying felony, is a sentence enhancement and thus is not a "felony violation" within the meaning of section 1192.7(c)(28). We granted the Attorney General's petition for review.

DISCUSSION

Section 1192.7, subdivision (c) enumerates those felony violations that constitute serious felonies under California law. Where a defendant has been convicted of a serious felony, reoffending may result in severe consequences: certain prior serious felony convictions are strikes under the Three Strikes law (§§ 667, subds. (d)(1), (h), 667.1, 1170.12, subd. (b)(1), 1170.125; Prop. 184, § 2), and all prior serious felony convictions subject a defendant to an additional five-year sentence enhancement if the current offense is a serious felony. (§ 667, subd. (a)(1) & (4).)

The electorate, in passing Proposition 21, added several new felony violations to the list of serious felonies in section 1192.7, subdivision (c), including section 1192.7(c)(28), which makes "any felony offense, which would also constitute a felony violation of Section 186.22," a serious felony. As noted, the Court of Appeal held that this language limited the reach of section 1192.7(c)(28) to the substantive felony offense of active participation in a criminal street gang, in violation of section 186.22(a). The Attorney General maintains that section 1192.7(c)(28) includes any felony offense not enumerated in section 1192.7, subdivision (c) where the offense is committed

---

[6] Section 186.22(a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." Section 186.22(a) is a substantive offense that is punishable as either a misdemeanor or a felony. (*People v. Robles* (2000) 23 Cal.4th 1106, 1112 [99 Cal.Rptr.2d 120, 5 P.3d 176].)

for the benefit of a criminal street gang, within the meaning of the section 186.22(b)(1) gang sentence enhancement.

■ This is the court's third opportunity to interpret gang-related provisions enacted by Proposition 21. In *Robert L. v. Superior Court* (2003) 30 Cal.4th 894 [135 Cal.Rptr.2d 30, 69 P.3d 951] (*Robert L.*), we held that section 186.22, subdivision (d)—an alternate penalty provision that applies to a person convicted of a gang-related "public offense punishable as a felony or a misdemeanor"—applies to all misdemeanors and is not limited to so-called wobblers, which are offenses that are punishable as either a misdemeanor or a felony. ■ In *Montes v. Superior Court* (2003) 31 Cal.4th 350 [2 Cal.Rptr.3d 621, 73 P.3d 489] (*Montes*), we held that section 186.22, subdivision (b)(5), an alternate penalty provision that applies to any gang-related "felony punishable by imprisonment in the state prison for life," applies only to those offenses in which the underlying felony itself, excluding enhancements, carries a life sentence. ■ Here, we interpret the phrase in section 1192.7(c)(28), "any felony offense, which would also constitute a felony violation of Section 186.22." For the reasons stated below, we conclude that section 1192.7(c)(28) includes within its ambit any felony offense committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang sentence enhancement.

"In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].) In other words, "our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure." (*In re Littlefield* (1993) 5 Cal.4th 122, 130 [19 Cal.Rptr.2d 248, 851 P.2d 42].)

■ Turning to the language of section 1192.7(c)(28) itself, our first task is to determine whether the phrase, "any felony offense, which would also constitute a felony violation of Section 186.22," has an ordinary meaning to the electorate. At first blush, this language appears susceptible of two interpretations, one narrow and one broader. The term "felony violation" as used in section 1192.7(c)(28) could refer only to substantive felony offenses, as held by the Court of Appeal, in which case section 1192.7(c)(28) would be

necessarily limited to the one substantive offense contained in section 186.22—the section 186.22(a) substantive felony offense of active participation in a criminal street gang.[7]

However, the term "felony violation" could also be read to include sentence enhancements, as the Attorney General argues, in which case section 1192.7(c)(28) would apply to "any felony offense, which would also constitute a felony violation of section 186.22," namely, a felony violation of any felony offense that includes the section 186.22(b)(1) gang sentence enhancement. Because it is arguable that the ordinary language of section 1192.7(c)(28) is not clear on its face, the next step is to determine the meaning of the phrase, "any felony offense, which would also constitute a felony violation of section 186.22," in light of Proposition 21 as a whole.

In *People v. Morris* (1988) 46 Cal.3d 1, 16 [249 Cal.Rptr. 119, 756 P.2d 843], we stated: "Statutory language should not be interpreted in isolation, but must be construed in the context of the entire statute of which it is a part, in order to achieve harmony among the parts." Viewing Proposition 21 as a whole, we conclude that the term "violation" in section 1192.7(c)(28) includes sentence enhancements.

The most compelling evidence that the term "felony violation" as used in section 1192.7(c)(28) includes a sentence enhancement under section 186.22(b)(1) is that the list of serious felonies in section 1192.7, subdivision (c) itself contains a provision in which the term "violation" specifically references a sentence enhancement. Section 1192.7, subdivision (c)(40), enacted by Proposition 21, adds to the list of serious felonies "any violation of Section 12022.53." Section 12022.53 is a sentence enhancement scheme

---

[7] There are no other substantive offenses contained in section 186.22. Section 186.22(b)(1), because it adds an additional term of imprisonment to the base term of the underlying felony offense, is a sentence enhancement. (*People v. Jefferson* (2001) 21 Cal.4th 86, 101 [86 Cal.Rptr.2d 893, 980 P.2d 441]; Cal. Rules of Court, rule 4.405(c).) Section 186.22, subdivision (d) is an alternate penalty provision that applies to a person convicted of a gang-related misdemeanor offense. (*Robert L., supra,* 30 Cal.4th 894.) Section 186.22, subdivision (b)(5) is an alternate penalty provision that applies to any gang-related underlying felony "punishable by imprisonment in the state prison for life." (See *Montes, supra,* 31 Cal.4th 350.) Section 186.22, subdivision (b)(4) is an alternate penalty provision that provides for an indeterminate life sentence for certain underlying felony offenses that are gang related. (*Robert L., supra,* 30 Cal.4th at p. 900, fn. 5.) Neither is section 186.22, subdivision (b)(2) a substantive offense, for it provides that if the underlying felony described in section 186.22(b)(1) is committed on school grounds, "that fact shall be a circumstance in aggravation of the crime in imposing a term under [the section 186.22(b)(1)]" enhancement. The remaining subdivisions of section 186.22 do not describe sentence enhancements, substantive offenses, or alternate penalty provisions; they simply define various terms used in section 186.22 (e.g., § 186.22, subds. (e), (f), (i)), or provide directions to the trial court upon sentencing (e.g., § 186.22, subds. (b)(3), (c), (g)).

that applies to persons who use firearms.[8] Section 12022.53 uses the term "enhancement" throughout. For example, section 12022.53, subdivision (e)(1) provides that the "[t]he enhancements provided in this section shall apply to any person who is a principal in the commission of an offense," where certain facts are pled and proved. Section 12022.53, subdivision (*l*) provides that "[t]he enhancements specified in this section shall not apply to the lawful use or discharge of a firearm by a public officer . . . or by any person in lawful self-defense . . . ." This court has defined section 12022.53 as a sentence enhancement on several occasions. (See, e.g., *People v. Oates* (2004) 32 Cal.4th 1048, 1052 [12 Cal.Rptr.3d 325, 88 P.3d 56]; *People v. Garcia* (2002) 28 Cal.4th 1166, 1170 [124 Cal.Rptr.2d 464, 52 P.3d 648].) "When a word or phrase is repeated in a statute, it is normally presumed to have the same meaning throughout." (*People v. McCart* (1982) 32 Cal.3d 338, 344 [185 Cal.Rptr. 284, 649 P.2d 926].) The fact that section 1192.7, subdivision (c)(40) uses the term "violation" to refer to a sentence enhancement that constitutes a serious felony strongly supports the conclusion that the term "felony violation" as used in section 1192.7(c)(28) also includes a sentence enhancement.

■ Not only does the list of serious felonies in section 1192.7, subdivision (c) itself contain a provision that refers to a violation as including an enhancement, another felony reenacted by Proposition 21, Welfare and Institutions Code section 707, subdivision (b)(21), specifically refers to the term "felony violation" as encompassing the section 186.22(b)(1) gang sentence enhancement. Welfare and Institutions Code section 707, subdivision (b)(21) establishes a presumption that a 16-or 17-year-old minor is "not a fit and proper subject to be dealt with under juvenile court law" where he or she is charged with "[a]ny violent felony, as defined in subdivision (c) of Section 667.5 of the Penal Code, *which would also constitute a felony violation of subdivision (b) of Section 186.22 of the Penal Code*." (Italics added.) "Where a voter initiative contains a provision that is identical to a provision previously enacted by the Legislature, in the absence of an indication of a contrary intent, we infer that the voters intended the provision to have the same meaning as the provision drafted by the Legislature." (*Montes, supra*, 31 Cal.4th at pp. 355–356.) The phrase in Welfare and Institutions Code section 707, subdivision (b)(21), "which would also constitute a felony

---

[8] Section 12022.53 provides that a person who, in the commission of a specified felony, "personally uses a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years" (§ 12022.53, subd. (b)), "personally and intentionally discharges a firearm, shall be punished by an additional and consecutive term of imprisonment in the state prison for 20 years" (§ 12022.53, subd. (c)), or "personally and intentionally discharges a firearm and proximately causes great bodily injury . . . or death, to any person other than an accomplice, shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life" (§ 12022.53, subd. (d)).

violation," is *identical* to its counterpart in section 1192.7, subdivision (c)(28), and its meaning is clear: the Legislature, and now the voters, intended that the term "felony violation" in Proposition 21 include the section 186.22(b)(1) gang sentence enhancement.

█ In *Robert L., supra*, 30 Cal.4th 894, we held that a *misdemeanor* offense committed for the benefit of a criminal street gang could be punished as a felony under section 186.22, subdivision (d). Thus, the section 1192.7(c)(28) phrase, "felony violation of Section 186.22," simply distinguishes crimes that are felonies *regardless* of section 186.22 from crimes that are initially misdemeanors, but become felonies *by virtue of* section 186.22. As stated in *People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1448 [118 Cal.Rptr.2d 380] (*Arroyas*), a "misdemeanor, converted to a felony by [section 186.22,] subdivision (d) [is not also] subject to the felony enhancement provided in [section 186.22,] subdivision (b)(1)."

Our conclusion is consistent with the voters' intent to dramatically increase the penalties for all gang-related felony offenses. In the Findings and Declarations section of Proposition 21, "The people [found] and declare[d]" that: "Criminal street gangs and gang-related violence pose a significant threat to public safety and the health of many of our communities. Criminal street gangs have become more violent, bolder, and better organized in recent years." (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 2, subd. (b), p. 119 (hereafter, Ballot Pamphlet).) "*Gang-related crimes* pose a unique threat to the public because of gang members' organization and solidarity. *Gang-related felonies* should result in severe penalties." (*Id.*, § 2, subd. (h), p. 119, italics added.) "Dramatic changes are needed in the way we treat . . . criminal street gangs . . . if we are to avoid the predicted, unprecedented surge in . . . gang violence." (*Id.*, § 2, subd. (k), p. 119.)

█ Nothing in the above quoted language suggests that the voters intended to limit section 1192.7(c)(28) to the 186.22, subdivision (a) substantive felony offense of active participation in a criminal street gang. Instead, consistent with their intent to punish *all* gang-related felony offenses more severely, section 1192.7(c)(28) broadly covers "*any* felony offense [that] violat[es] Section 186.22." (Italics added.) By referring to section 186.22 generally, section 1192.7(c)(28) demonstrates the voters' intent also to encompass subdivision (b) of section 186.22, which defines gang-enhanced felonies. (See, e.g., *People v. Murphy* (2001) 25 Cal.4th 136, 143 [105 Cal.Rptr.2d 387, 19 P.3d 1129] ["the electorate and the Legislature have both shown that they know how to use language expressly requiring a violation of [a specific Penal Code section] when that is their intent"].)

Defendant argues, however, that if section 1192.7(c)(28) defines a "serious felony" as any felony conviction that includes a gang enhancement under

section 186.22(b)(1), there would be no need for Proposition 21 to have enacted section 667.5, subdivision (c)(19), which adds to the list of violent felonies "[e]xtortion, as defined in Section 518, which would constitute a felony violation of Section 186.22 of the Penal Code," and section 667.5, subdivision (c)(20), "[t]hreats to victims or witnesses, as defined in Section 136.1, which would constitute a felony violation of Section 186.22 of the Penal Code," because the two subdivisions would be surplusage. To the contrary, the enactment of these two subdivisions furthers the argument that any felony offense that includes a gang enhancement under section 186.22(b)(1) is a serious felony as defined by section 1192.7(c)(28).

Specifically, extortion (§ 518) is a felony offense that becomes a *violent* felony when it is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang enhancement. (§ 667.5, subd. (c)(19).) Making threats to victims or witnesses (§ 136.1) is a *serious* felony (§ 1192.7, subd. (c)(37)) that becomes a *violent* felony when it is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang enhancement. (§ 667.5, subd. (c)(20).) Section 1192.7(c)(28), on the other hand, turns *any* felony offense that includes a gang enhancement under section 186.22(b)(1) into a *serious* felony. Thus, contrary to defendant's claim, each of the above subdivisions has a different effect; there is no overlap among these provisions, which were all enacted by Proposition 21, suggesting that the voters thoughtfully enacted a comprehensive penalty and punishment scheme.

■ Finally, turning any felony offense into a serious felony by virtue of conduct that would invoke a sentence enhancement is not uncommon in section 1192.7, subdivision (c). Section 1192.7, subdivision (c)(8)[9] makes any felony not otherwise enumerated in section 1192.7, subdivision (c) a serious felony if the defendant personally uses a firearm or personally inflicts great bodily injury,[10] and section 1192.7, subdivision (c)(23)[11] makes any felony not otherwise enumerated in section 1192.7, subdivision (c) a serious felony if the defendant personally uses a dangerous or deadly weapon.[12]

---

[9] Section 1192.7, subdivision (c)(8) provides that "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm" is a serious felony.

[10] The language in section 1192.7, subdivision (c)(8) corresponds to the language in the section 12022.5 enhancement, personal use of a firearm in the commission of a felony, and the language in the section 12022.7 enhancement, personal infliction of great bodily injury on a person other than an accomplice.

[11] Section 1192.7, subdivision (c)(23) provides that "any felony in which the defendant personally used a dangerous or deadly weapon" is a serious felony.

[12] The language in section 1192.7, subdivision (c)(23) corresponds to the language in the section 12022, subdivision (b)(1) enhancement, personal use of a deadly or dangerous weapon in the commission of a felony.

(See, e.g., *People v. Equarte* (1986) 42 Cal.3d 456, 464 [229 Cal.Rptr. 116, 722 P.2d 890] [under § 1192.7, subd. (c)(23), "a defendant who 'personally uses a dangerous or deadly weapon' in the commission of a felony [is] classified as a 'serious' felon and [is] subject to an additional five-year enhancement [under § 667, subd. (a)(1)] if he has previously been convicted of a serious felony"].) We conclude, therefore, that the voters intended section 1192.7(c)(28) to define "serious felony" as including any felony offense that is committed for the benefit of a criminal street gang under the section 186.22(b)(1) gang sentence enhancement.[13]

In so holding, we disagree with the Court of Appeal that this interpretation of subdivision (c)(28) is derailed by the language of section 186.22(b)(1)(B) and (C). The Court of Appeal was apparently concerned that if section 1192.7(c)(28) made *all* gang-related felonies serious felonies, a defendant convicted of a gang-related felony would never be punished under section 186.22(b)(1)(A), the sentence enhancement that applies where the defendant is convicted of a felony that is gang related, but would always be subject to the sentence enhancement for a serious felony that is gang related under section 186.22(b)(1)(B), rendering section 186.22(b)(1)(A) surplusage. Not so.

When Proposition 21 added section 1192.7(c)(28), it also amended section 186.22(b)(1) by adding the substantive language contained in (b)(1)(A), (B), and (C). (Ballot Pamp., *supra*, text of Prop. 21, § 4, p. 119.)[14] Section 186.22(b)(1)(A) provides that a person convicted of "a felony" that is gang related shall receive, at the court's discretion, an additional two-, three-, or four-year term at sentencing. Section 186.22(b)(1)(B) provides that a person convicted of "a serious felony" that is gang related shall receive an

---

[13] In light of our holding, we do not address the Attorney General's alternate argument that defendant's guilty plea to violations of section 12021, subdivision (a) and section 12025, subdivision (b)(3), plus the admission of the section 186.22(b)(1) gang enhancement as to both offenses is equivalent to the section 186.22(a) substantive offense.

[14] Prior to the enactment of Proposition 21, section 186.22(b)(1) provided in pertinent part that "any person who is convicted of a felony committed for the benefit of . . . any criminal street gang . . . shall, in addition and consecutive to the punishment prescribed for the felony . . . be punished by an additional term of one, two, or three years at the court's discretion." (Stats. 1997, ch. 500, § 2.) Proposition 21 amended section 186.22(b)(1) to read: "any person who is convicted of a felony committed for the benefit of . . . any criminal street gang . . . shall, in addition and consecutive to the punishment prescribed for the felony . . . be punished [as follows: (A) Except as provided in subparagraphs (B) and (C), the person shall be punished] by an additional term two, three or four years at the court's discretion[. (B) . . . If] the felony is a serious felony, as defined in subdivision (c) of Section 1192.7, the person shall be punished by an additional term of five years. [(C)] If the felony is a violent felony, as defined in subdivision (c) of Section 667.5, the person shall be punished by an additional term of 10 years." (Ballot Pamp., *supra*, text of Prop. 21, § 4, p. 119.) In 2001, the Legislature made clarifying changes to section 186.22(b)(1) by adding the bracketed language and creating section 186.22(b)(1)(A), (B), & (C). (Stats. 2001, ch. 854, § 22.)

additional five-year term at sentencing. Section 186.22(b)(1)(C) provides that a person convicted of a "violent felony" that is gang related shall receive an additional 10-year term at sentencing. Thus, section 186.22(b)(1)(A), (B), and (C) speaks to an event that occurs in the current proceeding. Section 1192.7, subdivision (c), on the other hand, comes into play only if the defendant reoffends, at which time any *prior* felony that is gang related is deemed a serious felony. Thus, any felony that is gang related is not treated as a serious felony in the current proceeding, giving effect to section 186.22(b)(1)(A). (See, e.g., *People v. Rizo*, *supra*, 22 Cal.4th at pp. 685, 687 [as with statutes, courts are to give meaning to every word of an initiative if possible, and should avoid a construction making any word surplusage].)

Not only does this interpretation give meaning to section 186.22(b)(1)(A), (B), and (C), it also avoids the impermissible bootstrapping that would occur if any felony that is gang related is also deemed serious in the current proceeding. Specifically, while it is proper to define any felony committed for the benefit of a criminal street gang as a serious felony under section 1192.7(c)(28), it is improper to use the *same* gang-related conduct *again* to obtain an additional five-year sentence under section 186.22(b)(1)(B). As stated by the Court of Appeal in *Arroyas*, *supra*, 96 Cal.App.4th 1439, in reference to whether a gang-related misdemeanor punished as a felony under section 186.22, subdivision (d) could further be enhanced under the section 186.22(b)(1) gang enhancement, "Although [section 186.22,] subdivision (d) allows the court to impose felony punishment for a misdemeanor committed with a gang-related purpose, nothing in the statute or in its stated purposes suggests an intention of the people of this state to bootstrap [section 186.22,] subdivision (d) misdemeanors into [section 186.22,] subdivision (b)(1) felonies as a means of applying a double dose of harsher punishment." (*Arroyas*, *supra*, 96 Cal.App.4th at p. 1445; see also *Robert L.*, *supra*, 30 Cal.4th at p. 907, fn. 18.)

Similarly, although section 1192.7(c)(28) turns any prior gang-related felony offense into a strike if a defendant reoffends, nothing in Proposition 21 or in its stated purposes suggests an intention of the voters to bootstrap, in the same proceeding, any felony offense committed for the benefit of a criminal street gang into a section 186.22(b)(1)(B) offense "as a means of applying a double dose of harsher punishment." (*Arroyas*, *supra*, 96 Cal.App.4th at p. 1445.)

## Disposition

We conclude that the judgment of the Court of Appeal be reversed only insofar as the Court of Appeal reversed the trial court's prior serious felony finding, vacated the sentence, and remanded for resentencing. In all other respects, the judgment is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.