Filed 12/16/13  P. v. Jackson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANTHONY DELON JACKSON,<br><br>　　　Defendant and Appellant. | B244482<br><br>(Los Angeles County<br>Super. Ct. No. BA382407) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Donna L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Anthony Deleon Jackson appeals from the judgment, challenging his 12-year state prison sentence imposed pursuant to the three strikes law. Jackson's prior strike enhancement was from a 2004 conviction based on a plea of no contest. Jackson contends the trial court erred in denying his motion for specific performance of his earlier plea agreement and in sentencing him under the three strikes law. We affirm.

## PROCEDURAL BACKGROUND

Jackson was charged in an information with committing murder (Pen. Code, § 187, subd. (a))[1] in June 2003, with special allegations he had personally used a firearm (§ 12022.53, subds. (d), (e)(1)) and had committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) (L.A.S.C. case no. BA256155). Represented by appointed counsel William Monterroso, Jackson entered a negotiated plea of no contest on July 20, 2004 to acting as an accessory to a gang-related murder (§§ 32, 186.22, subd. (b)(1)). As agreed, Jackson received an aggregate state prison sentence of six years, consisting of three years for acting as an accessory and three years for the gang enhancement. The murder count and firearm-use allegations were dismissed "contingent upon the continuing validity of the plea." The record of the plea proceedings was silent as to the characterization of the conviction as a strike or non-strike. In the face of this silence, when the court asked Jackson, "Has anyone made any threats to you or promised you anything other than what I have stated in open court in order to get you to accept this plea?" Jackson replied, "No, sir."

After Jackson stole an elderly man's necklace in 2011, he was charged in a second amended information with second degree robbery (§ 211) with a special allegation the victim was 65 years of age or older (§ 667.9, subd. (a)). The information also specially alleged Jackson had suffered one prior serious or violent felony conviction for acting as an accessory to a gang-related murder within the meaning of section 667, subdivision (a)(1) and the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

served two separate prison terms for felonies (§ 667.5, subd. (b)).  Represented by counsel, Jackson pleaded not guilty and denied the special allegations.

A jury convicted Jackson as charged and found true the allegation the victim was 65 years of age or older.  After the verdict, Jackson admitted the 2004 conviction for acting as an accessory to a gang-related murder and a 2009 conviction for possession of a controlled substance (Health & Saf. Code, § 11350) as prior prison term enhancements, but he asserted the 2004 offense could not be treated as a prior strike conviction because of the terms of his plea agreement in that case.

The trial court held a hearing on Jackson's Motion for Specific Performance of Plea Bargain and To Dismiss Prior as Barred by Collateral Estoppel, which was filed prior to trial.  Jackson argued that, at the time of his plea, the People had understood he was only willing to accept a plea agreement that would not subject him to an enhanced sentence in the future because of a prior strike conviction on his record.  He asserted the parties had agreed Jackson would plead no contest to acting as an accessory to a gang-related murder as a non-strike offense, in return for an aggregate six-year state prison sentence.

At the hearing on the motion, the court received into evidence a transcript of the 2004 plea hearing.  Jackson testified at the motion hearing that he had told defense counsel Monterroso that he would not agree to a negotiated plea that included a prior strike conviction and a lengthy prison sentence.  According to Jackson, he had previously rejected the People's offer of "12 years with a strike for manslaughter" because "it was a lot of time and it was involving with [sic] a strike."

Monterroso testified he could not recall either his discussions with Jackson or his plea negotiations with the prosecutor in 2004.  Specifically, Monterroso did not remember whether he or the prosecutor had told Jackson that he was pleading to a non-strike offense.  Monterroso testified that according to his notes, Jackson had agreed to plead to acting as an accessory to a gang-related murder as a non-strike offense and was to be sentenced to a six-year term in state prison.  Monterroso acknowledged there was no mention in the plea hearing transcript of whether Jackson was pleading to a strike

3

offense. Monterroso testified it was consistent with his normal custom and practice to have the record show the plea was to a strike offense, but not necessarily if the plea were to a non-strike offense. Monterroso also testified in his opinion, under the prevailing authority in 2004, Jackson's gang-related felony offense was not necessarily a prior strike conviction.

In denying the motion, the trial court found Jackson's testimony less than credible and Monterroso's testimony unpersuasive. The court reasoned because the state of the law in 2004 dictated that gang-related felony offenses constituted serious felonies under the three strikes law, Jackson's conviction for acting as an accessory to a gang-related murder was a strike offense, absent a contrary finding or statement in the record of the plea hearing.

At the sentencing hearing, the trial court imposed an aggregate state prison term of 12 years, consisting of six years for second degree robbery (the three-year middle term doubled under the three strikes law), plus five years for the prior serious felony enhancement, plus one year for the prior prison term enhancement.

## DISCUSSION

1. *Applicable Law*

A defendant is entitled to relief for a violation of the terms of his or her plea agreement without a showing of prejudice. (*In re Moser* (1993) 6 Cal.4th 342, 354.) However, to find a term to be part of a plea agreement, the circumstances must show the """"plea rest[ed] in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration . . . ."""" (*Id.* at p. 355, quoting *Santobello v. New York* (1971) 404 U.S. 257, 262 [30 L.Ed.2d 427, 92 S.Ct. 495].) While a plea agreement can contain implied terms, their existence must be supported by the record. (See e.g. *People v. Paredes* (2008) 160 Cal.App.4th 496, 512 [Where post-conviction change in law rendered defendant deportable; no showing that plea agreement included implied promise of no deportation].)

4

2. *Standard of Review*

A negotiated plea agreement is interpreted according to the rules governing contracts because it is, in essence, a contract between the defendant and the prosecutor to which the trial court consents to be bound.  (*People v. Segura* (2008) 44 Cal.4th 921, 930-931 (*Segura*).)  "[T]he 'interpretation of a contract is subject to de novo review where the interpretation does not turn on the credibility of extrinsic evidence.'"  (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2003) 107 Cal.App.4th 516, 520.)  "In contrast, '[i]f the parol evidence is in conflict, requiring the resolution of credibility issues, we would be guided by the substantial evidence test.  [Citation.]' [Citation.]  However, extrinsic evidence is not admissible to ascribe a meaning to an agreement to which it is not reasonably susceptible.  [Citation.]"  (*ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1267.)

3. *Jackson Failed To Demonstrate that the Plea Bargain Was for a Non-strike Offense*

Jackson does not dispute that his 2004 conviction for acting as an accessory to a gang-related murder qualified as a strike offense at the time or that the record of the plea hearing is silent as to whether this prior conviction was treated as a strike or non-strike offense.[2]  Instead, Jackson argues the evidence he introduced at the motion hearing established that the nature of the conviction as a non-strike offense was a bargained-for term of the plea agreement.  Jackson maintains he is therefore entitled to specific performance of this term of the plea agreement.

---

[2]     Jackson acted as an accessory to a gang-related murder on or about June 1, 2003.  In March 2000, the California electorate passed Proposition 21, which amended section 1192.7 to expand the list of serious felonies. (See *People v. Briceno* (2004) 34 Cal.4th 451, 456.)  To the serious felonies listed in section 1192.7, Proposition 21 added subdivision (c)(28), "any felony offense, which would also constitute a felony violation of Section 186.22."  The California Supreme Court concluded the definition of " serious felony" in section 1192.7 includes otherwise non serious felonies that were committed for the benefit of a criminal street gang within the meaning section 186.22, subdivision (b)(1). (*Briceno, supra*, at p. 456.)

Because the record of the plea is silent in this respect, the trial court permitted Jackson to introduce extrinsic evidence to demonstrate that his plea agreement rested on the term he was seeking to enforce. The evidence presented consisted solely of the testimony of Jackson and Monterroso. It was the role of the trial court to determine the credibility of that testimony. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) The trial court found Jackson was not credible; Monterroso's testimony, even if credited in full, establish only that he believed the plea did not subject Jackson to a strike, not that this was a term of the plea bargain. A plea bargain is a form of contract, subject to general principles. (*Segura, supra,* 44 Cal.4th 921 at pp. 930-931.) Accordingly, in seeking to enforce the agreement, it was Jackson's burden to establish that the plea bargain incorporated the term he sought to enforce. He did not do so. As a result, the sentence was proper.

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.