Filed 1/17/14  P. v. Turner CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059373 |
| v. | (Super.Ct.No. RIF121921) |
| ROBERT NAHSHAN TURNER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Robert Turner is serving a life sentence under the Three Strikes law after a 2006 conviction for possessing cocaine base for sale (Health & Saf. Code, § 11351.5) with a criminal street gang enhancement (Pen. Code, § 186.22, subd. (b)(1)). Defendant appeals from the superior court's denial of his petition to recall his sentence

1

under Penal Code, section 1170.126. The court ruled the gang enhancement makes defendant statutorily ineligible for resentencing.

## FACTS AND PROCEDURE

Defendant possessed cocaine base for sale on University Avenue in Riverside. A gang expert testified that defendant committed the crime in support of his criminal street gang, which financed its activities by selling drugs in that area.

In 2006 defendant was convicted of possessing cocaine base for sale, with an enhancement for committing the offense in support of a criminal street gang.

On July 11, 2013, defendant filed a petition for recall of sentence under Penal Code section 1170.126, also known as Proposition 36.

On July 17, 2013, the superior court ruled the defendant is ineligible for resentencing because of the criminal street gang enhancement.

This appeal followed.

## DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief resume of the facts, and identifying potential arguable issues.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. Defendant argues the trial court erred, abused its discretion by misunderstanding the law, and violated his Due Process rights when it denied his petition

2

to recall his sentence. Specifically, defendant cites to *People v. Briceno* (2004) 34 Cal.4th 451, for the proposition that the gang enhancement makes the possession for sale conviction a serious felony for sentencing purposes <u>only</u> if the defendant re-offends, but does not make the possession for sale conviction a serious felony for purposes of the 2006 proceedings or the petition for recall of sentence based on those proceedings. We disagree with defendant's interpretation of *People v. Briceno* and find no published opinions supporting his interpretation. The language to which defendant points, at pages 463 to 466 of that opinion, does not allow a court considering a petition under section 1170.126 to ignore the criminal street gang enhancement and treat the underlying offense as a non-serious felony.

Defendant also argues the superior court's refusal to consider recalling his life sentence under section 1170.126 transforms the sentence into one constituting cruel and unusual punishment. Whether the sentence is cruel and unusual is an issue that should have been, and was, considered on direct appeal of defendant's 2006 conviction. This previous appeal resulted in an affirmance in case number E041114, filed January 14, 2008.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The superior court's ruling is affirmed.

NOT TO BEPUBLISHED IN OFFICIAL REPORTS

3

RAMIREZ
                                                            P. J.


We concur:

HOLLENHORST
                    J.

CODRINGTON
                    J.

4