Filed 5/22/15  P. v. Williams CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY ALLEN WILLIAMS,<br><br>    Defendant and Appellant. | B260397<br><br>(Los Angeles County Super. Ct.<br> No. PA031805) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Deputy Attorney General, and Carl N. Henry, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Rodney Allen Williams was sentenced in 2000 to three consecutive indeterminate terms of 25-years-to-life in state prison pursuant to the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).[1] Two of the sentences were based on current offenses that were violent and/or serious felonies, but the third was not.[2] In 2012 the voters enacted The Three Strikes Reform Act (Proposition 36), which in part created a procedure allowing an inmate sentenced to an indeterminate term under the three strikes law to petition the trial court for resentencing if the current offense is not a serious or violent felony. (§ 1170.126.) Williams filed a petition seeking resentencing only as to the one count of his current sentence that was not based on a serious or violent felony conviction. The superior court denied the petition on the basis that one of Williams's convictions, for burglary with use of a firearm under section 12022.5, was a serious and violent felony rendering him ineligible for relief. Williams filed a timely notice of appeal.

The issue in this appeal has been presented in a number of cases. Our Supreme Court has granted review to resolve the issue, which it describes in its "Pending Issues Summary" (last updated March 13, 2015) as follows: "Is an inmate serving an indeterminate term of life imprisonment under the Three Strikes Law (Pen. Code, §§ 667, subds. (b)-(j), 1170.12), which was imposed for a conviction of an offense that is *not* a serious or violent felony, eligible for resentencing on that conviction under the Three Strikes Reform Act if the inmate is also serving an indeterminate term of life imprisonment under the Three Strikes Law for a conviction of an offense that *is* a serious or violent felony?" (*Pending Issues Summary,* California Supreme Court (Mar. 13, 2015) <http://www.courts.ca.gov/documents/MAR1315crimpend.pdf> [as of Mar. 17, 2015], citing *Braziel v. Superior Court*, S218503. (B249830; 225 Cal.App.4th 933; Los Angeles Superior Court; BA183095); *People v. Machado*, S219819. (B249557; 226 Cal.App.4th 1044, mod. 226 Cal.App.4th 1376a; Los Angeles County Superior Court; YA036692.)

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

[2] A fourth count resulted in a concurrent sentence and is not at issue in this appeal.

We recognize that the Supreme Court will have the final say on the issue.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  However, we must address the issue while it is pending in the Supreme Court, and conclude the superior court properly denied Williams's petition.

## BACKGROUND

Williams was convicted of the following offenses:  count 1—first degree residential burglary (§ 459); counts 2 and 5—false imprisonment by violence or menace (§ 236); and count 4—receiving stolen property (§ 496.)  The jury found Williams personally used a firearm in the commission of the burglary and false imprisonment counts.  (§ 12022.5.)  The trial court imposed consecutive indeterminate 25-years-to-life sentences for the convictions of burglary, one of the false imprisonments, and receiving stolen property.  A concurrent term was imposed on the second count of false imprisonment.  Ten-year enhancements were added for the firearm use findings.  The judgment was affirmed by this court on appeal.

On October 30, 2014, Williams filed his petition for recall of the receiving stolen property sentence in count 4 pursuant to section 1170.126.  A modified petition was filed on October, 31, 2014.  The superior court denied the petition with prejudice.  The court noted that Williams was convicted of first degree burglary and the jury found he has used a firearm, making the offense a violent felony under section 667.5, subdivision (c)(8), rendering Williams ineligible for relief.   (§ 1170.126, subd. (e)(2).)

Williams argues the superior court erred in denying the petition for resentencing as to the receiving stolen property count, which is not a serious or violent felony.  In Williams's view, each count must be assessed separately under section 1170.126, and the existence of a current conviction of a serious or violent felony does not preclude relief on a charge that would not result in a third strike sentence under Proposition 36.

3

## DISCUSSION

**Standard of Review**

"'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' [Citation.]" (*People v. Briceno* (2004) 34 Cal.4th 451, 459; accord, *People v. Park* (2013) 56 Cal.4th 782, 796.)

**Analysis**

The eligibility requirements for resentencing under Proposition 36 are set forth in section 1170.126. The resentencing provisions of section 1170.126 "apply exclusively to persons presently serving an indeterminate term of imprisonment" pursuant to the three strikes law. (§1170.126, subd. (a).) Relief is available to inmates "whose sentence under [Proposition 36] would not have been an indeterminate life sentence." (*Ibid.*)

Two subdivisions of section 1170.126 expressly bar relief under Proposition 36 for an inmate serving an indeterminate term of life imprisonment imposed pursuant to the three strikes law for a serious or violent felony. (§ 1170.126, subds. (b) & (e)(2).) Subdivision (b) provides as follows: "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by

4

subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . ." Utilizing similar language, subdivision (e) provides as follows: "An inmate is eligible for resentencing if: (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7."

The plain language of section 1192.7 denies relief to an inmate serving an indeterminate life term for a serious or violent felony under the three strikes law. It is undisputed in this case that Williams is serving two indeterminate life terms under the three strikes law for serious and violent felonies—first degree residential burglary is a serious felony (§ 1192.7, subd. (c)(18) [burglary of the first degree is a serious felony]), and burglary and false imprisonment with personal use of a firearm are violent felonies (§ 667.5, subd. (c)(8) [violent felony includes any felony in which the jury finds true a firearm use allegation under section 12022.5]). Williams is not eligible for resentencing under the language of section 1170.126.

Assuming section 1170.126 is ambiguous to the extent it does not explicitly preclude relief in cases involving a mix of current offenses, some serious or violent felonies, others not, the Legislative Analyst's review of Proposition 36 reveals no intent to provide relief to an inmate in Williams's situation. According to the Legislative Analyst, "[Proposition 36] allows certain third strikers to apply to be resentenced by the courts. The measure limits eligibility for resentencing to third strikers whose current offense is nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) analysis by Legislative Analyst of Prop. 36, p. 50.)

The Official Voter Information Guide of the California Secretary of State (Voter Guide) also demonstrates Williams is not entitled to relief under section 1170.126. The proponents of Proposition 36 stated in the Voter Guide, "Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will

5

receive no benefits whatsoever from the reform. Repeat criminals will get life in prison for serious or violent third strike crimes." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) argument in favor of Prop. 36, p. 52.)

The voters were informed that specified types of current offenses, including serious and violent felonies, would render an inmate ineligible for relief under Proposition 36. Williams's current offenses include serious and violent felonies. The superior court correctly ruled that Williams is ineligible for resentencing on the receiving stolen property charge in count 4.

## DISPOSITION

The order denying the petition for resentencing is affirmed.



      KRIEGLER, J.


We concur:



      TURNER, P. J.



      GOODMAN, J.[*]

---

[*] Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.