Filed 5/19/25  P. v. Quevedo CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN QUEVEDO,<br><br>    Defendant and Appellant. | 2d Crim. No. B335436<br>(Super. Ct. No. BA456662)<br>(Los Angeles County) |

Jonathan Quevedo appeals from the judgment entered after he was resentenced.  He contends the trial court erroneously concluded that a 2003 felony conviction qualifies as a "strike" within the meaning of California's "Three Strikes" law.  (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)[1]  The conviction qualifies only because a gang enhancement (§ 186.22, subd. (b)) was found true.  (See § 1192.7, subd. (c)(28) ["any felony offense, which would also constitute a felony violation of Section 186.22," is a strike]; *People v. Briceno* (2004) 34 Cal.4th 451, 456

---

[1] All statutory references are to the Penal Code.

["the definition of 'serious felony' in section 1192.7(c)(28) also includes 'any felony offense' that was committed for the benefit of a criminal street gang"].)

Appellant argues that, because of a 2021 amendment of section 186.22, his 2003 conviction no longer qualifies as a strike. We disagree and affirm.

*Procedural Background*

A jury found appellant guilty on 10 counts involving four victims: three counts of assault with a deadly weapon (§ 245, subd. (a)(1)); two counts of willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 189); one count of discharging a firearm at an occupied motor vehicle (§ 246); one count of dissuading a witness by use of force (§ 136.1, subd. (c)(1)); two counts of assault with a semiautomatic firearm (§ 245, subd. (b)); and one count of possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)).

The jury found true allegations that all of the offenses had been committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to the convictions for attempted murder and shooting at an occupied motor vehicle, the jury found true allegations that appellant had personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). Except for the convictions of assault with a deadly weapon, the jury found true allegations that appellant had committed the offenses while released from custody on another felony offense (§ 12022.1).

The court found true one prior serious felony conviction (§ 667, subd. (a)(1)), three prior prison terms (§ 667.5, subd. (b)),

and one prior strike within the meaning of California's "Three Strikes" law.

Appellant was sentenced to prison for a determinate term of 22 years, 8 months, to be followed by an indeterminate term of 158 years to life. The indeterminate term included two years for two prior prison terms (§ 667.5, subd. (b)). In our original unpublished opinion filed in *People v. Quevedo* (Aug. 17, 2021, B300862), we struck the prior prison terms and affirmed in all other respects.

Our Supreme Court granted review (S270879). It transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Renteria* (2022) 13 Ca1.5th 951 and Assembly Bill No. 333 (Stats. 2021, ch. 699) [(A.B. 333)]," the bill that amended the gang statute (§ 186.22).

In an unpublished opinion filed on March 21, 2023, we vacated our original decision. We struck the two one-year enhancements imposed for prior prison terms (§ 667.5, subd. (b)). We accepted the People's concession that the true findings on all of the gang enhancement allegations must be vacated pursuant to A.B. 333. We remanded the matter to the trial court to afford the People an opportunity to retry the gang allegations. In all other respects, we affirmed.

At the hearing conducted on remand, the People announced that they would not retry the gang enhancements. Defense counsel argued that A.B. 333 had rendered the prior strike conviction invalid, but the trial court refused to dismiss the strike. The court reasoned: "[The strike] was in 2003. It's a final determination. The change in the law [caused by A.B. 333's amendment of section 186.22] does not apply to something that is final."

3

The trial court resentenced appellant to a determinate term of 25 years, four months, to be followed by an indeterminate term of 80 years to life in prison.

*Discussion*

"The three strikes law provides: 'Notwithstanding any other law . . . : [¶] . . . The determination of whether a prior conviction is a prior serious or violent felony conviction for purposes of this section shall be made upon the date of that prior conviction . . . .' (§ 1170.12, subd. (b)(1); accord, § 667, subd. (d)(1).)" (*People v. Scott* (2023) 91 Cal.App.5th 1176, 1181 (*Scott*), review granted Sept. 27, 2023, S280776.) "This 'mean[s] that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense . . . .'" (*Id*. at p. 1182.)

In *People v. Aguirre* (2023) 96 Cal.App.5th 488, 495-496, review granted Jan. 10, 2024, S282840, this court followed the reasoning of *Scott*, *supra*, 91 Cal.App.5th 1176. We held "that, to determine whether a gang-enhanced felony conviction qualifies as a prior strike," a trial court must "examine whether the 'offense resulting in that conviction was a serious felony within the meaning of the [T]hree [S]trikes law on' the date the conviction occurred." (*Aguirre*, *supra*, at p. 497.) If a defendant's "violation of section 186.22 qualified as a strike on the date of his conviction of that offense, it continues to qualify as a strike" irrespective of A.B. 333's amendment of the gang statute. (*Aguirre*, *supra*, at p. 491.)

Appellant's gang-enhanced felony conviction qualified as a strike on the date the conviction occurred in 2003. Therefore, it also qualified as a strike when appellant was resentenced.[2]

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

---

[2] The issue of the effect of A.B. 333 on the Three-Strikes law is pending before our Supreme Court in *People v. Fletcher* (2023) 92 Cal.App.5th 1374, review granted Sept. 27, 2023, S281282. The Supreme Court framed the issue as follows: "Does Assembly Bill No. 333 amend the requirements for a true finding on a prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and a prior serious felony conviction (Pen. Code, § 667, subd. (a)), or is that determination made on 'the date of that prior conviction'? (See Pen. Code, §§ 667, subd. (d)(1) & 1170.12, subd. (b)(1).)" (*People v. Fletcher* (2023) 535 P.3d 536, 313 Cal.Rptr.3d 328 (Mem).)

Eleanor J. Hunter, Judge

Superior Court County of Los Angeles

_____

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.