Filed 10/21/25  P. v. Lopez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062925 |
| v. | (Super. Ct. No. 21CF0679) |
| JESUS ANGEL LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance P. Jensen, Judge. Affirmed in part, reversed in part, vacated in part, and remanded.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

In 2021, the Legislature enacted Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), which increased the evidentiary requirements for proving gang offenses and enhancements by amending Penal Code section 186.22. (Stats. 2021, ch. 699, § 4)[1] Recently, in *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*), the California Supreme Court held those requirements apply when determining whether a conviction that predated Assembly Bill 333 can be used for certain sentencing purposes. In this case, it is undisputed there is insufficient evidence defendant Jesus Angel Lopez's prior convictions meet those more stringent requirements. Therefore, the trial court erred by using those convictions to increase Lopez's sentence. Under the authority of *Fletcher*, we reverse in part, vacate in part, and remand for resentencing. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of January 16, 2021, Lopez fired multiple gunshots at a group of people standing outside an apartment complex in Santa Ana. One of the shots hit a teenager in the thigh and another struck a man in the foot. Lopez fled to Mexico, but he was apprehended and turned over to local authorities in March 2021.

In 2023, a jury convicted Lopez of three counts of assault with a semiautomatic firearm and one count of unlawful possession of a firearm by a felon. (§§ 245, subd. (b), 29800, subd. (a)(1).) It also found true allegations Lopez used a firearm and inflicted great bodily injury during his crimes. (§§ 12022.5, subd. (a), 12022.7, subd. (a).)

In a bifurcated bench trial, the trial court found Lopez had previously suffered two gang-related convictions, in 2015 and 2019. More

---

[1] All further statutory references are to the Penal Code.

particularly, the court found true allegations those convictions constituted serious felonies for purposes of the Three Strikes law (§§ 667, subds. (b)–(i) & 1170.12) and the five-year sentence enhancement in section 667, subdivision (a)(1) (section 667(a)(1)). The court sentenced Lopez to 25 years to life on the principal assault count pursuant to the Three Strikes law, plus a total of seven years for the firearm and great bodily injury enhancements. The court struck Lopez's punishment for his section 667(a)(1) priors and stayed or imposed concurrent punishment on the remaining counts.

## DISCUSSION

On appeal, Lopez targets the trial court's findings that his prior convictions constitute serious felonies under the Three Strikes law and section 667(a)(1). He argues those findings must be reversed for lack of proof his prior convictions satisfy the requirements of Assembly Bill 333. Respondent agrees, and so do we.

## I.

### LOPEZ'S PRIOR CONVICTIONS

In 2015, Lopez pleaded guilty to possessing an illegal firearm, and as part of his plea agreement, he admitted committing that offense for the benefit of a criminal street gang under section 186.22, subdivision (b)(1). Pursuant to the agreement, Lopez was sentenced to prison for two years.

In 2019, Lopez pleaded guilty to one count of active participation in a criminal street gang under section 186.22, subdivision (a)(1). He also admitted committing five other felonies for the benefit of a criminal street gang. The trial court sentenced him to three years in prison as part of his plea agreement.

## II.

### ANALYSIS

For purposes of the Three Strikes law and section 667(a)(1), a serious felony is defined as any serious felony listed in section 1192.7, subdivision (c). (§§ 667, subds. (a)(4), (d)(1) & 1170.12, subd. (b)(1).) That list includes "any felony offense, which would also constitute a felony violation of [s]ection 186.22." (§ 1192.7, subd. (c)(28).) This encompasses both the substantive offense of active participation in a criminal street gang, of which Lopez was convicted in 2019, and gang-enhanced felonies, of which Lopez was convicted in 2015 and 2019. (*People v. Briceno* (2004) 34 Cal.4th 451, 458–459, 462.)

However, Lopez's prior convictions were based on his admission to the elements of section 186.22 as they existed when he pleaded guilty. At that time, the prosecution was not required to prove, and Lopez did not admit, the elements of section 186.22 as later amended by Assembly Bill 333.[2]

---

[2] "Assembly Bill 333 made the following changes to the law on gang [offenses and] enhancements: First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.' [Citation.] Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang. [Citation.] Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' [in multiple respects]. [Citation.] Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'" (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

In *Fletcher,* the California Supreme Court held, "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction . . . for purposes of the Three Strikes law and [section 667(a)(1)]. And it applies to [all cases which] are not yet final." (*Fletcher, supra,* 18 Cal.5th at p. 583.)

Here, it is undisputed (1) Lopez's prior convictions predated Assembly Bill 333, (2) the record fails to demonstrate those prior convictions meet that bill's more stringent requirements for proving gang charges under section 186.22, and (3) the case is not final. Therefore, as respondent concedes, the trial court's true findings on the strike and section 667(a)(1) allegations cannot stand, and the matter must be remanded for resentencing. If the prosecution chooses to retry those allegations, the trial court must adjudicate them "applying the elements of section 186.22 as amended by Assembly Bill 333." (*Fletcher, supra,* 18 Cal.5th at p. 608.)

## DISPOSITION

The trial court's true findings on Lopez's strike and section 667(a)(1) allegations are reversed. Respondent may choose to retry those allegations on remand. Lopez's sentence is vacated, and the matter is remanded for resentencing. In all other respects, the judgment is affirmed.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.