Filed 3/12/14  P. v. Rivera CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO RIVERA,<br><br>    Defendant and Appellant. | F065151<br><br>(Super. Ct. No. VCF239365A)<br><br><br>**OPINION** |

THE COURT\*

        APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

        Barbara Michel, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

_____

\* Before Levy, Acting P.J., Gomes, J. and Kane, J.

Roberto Rivera was present during multiple gang-related shootings committed by a man named Jesus Carranza. Rivera and Carranza were members of the Sureno criminal street gang at the time. Both men were charged with attempted murder and the separate crime of active participation in a criminal street gang as defined by Penal Code section 186.22, subdivision (a).[1]

The charges were tried before a single jury. Carranza was convicted on all counts, but Rivera was found guilty only of the substantive gang offense. He was acquitted of attempted murder and the lesser included offense of attempted manslaughter. Based on this outcome, Rivera believes his conviction was erroneous as a matter of law.

Appellant rightly argues his acquittal on the charge of attempted murder/manslaughter is inherently inconsistent with his conviction for active gang participation since he was prosecuted for both under an aiding and abetting theory. However, the anomalous result is entirely legal under the inconsistent verdict doctrine as codified in section 954. Appellate review of such a conviction is conducted under the substantial evidence standard independent of the jury's determination that evidence on a different count was insufficient. (*United States v. Powell* (1984) 469 U.S. 57, 67.) We affirm the judgment based on the existence of substantial evidence in support of the guilty verdict.

## FACTUAL AND PROCEDURAL BACKGROUND

Victims Fabian Rivera[2] and Jose Ibarra sustained gunshot wounds during an incident that occurred on July 1, 2010 near the intersection of Church Road and Sutter Avenue in Earlimart. According to witnesses, one or more shooters fled the scene in a

---

[1] All further statutory references are to the Penal Code.

[2] We refer to this victim by his full name throughout the opinion to avoid any confusion with appellant Roberto Rivera. All shorthand references to "Rivera" refer to appellant.

burgundy-colored car. A third victim, Bassan Ahmed, was shot in the leg while standing outside of a convenience store at the corner of Sutter Avenue and State Street. Surveillance footage from the store captured images of a burgundy vehicle passing through the area at the time of the shooting.

Police developed Jesus Carranza as their primary suspect but were unable to locate him. Further investigation led authorities to the home of Roberto Rivera, which they searched on July 13, 2010. Rivera was detained for a police interview after marijuana plants and a burgundy-colored Pontiac were found on the property.

Rivera admitted he was present during the shootings and drove the car. He further acknowledged that Jesus Carranza was one of three passengers in his car at the time. According to Rivera's interview, the first incident occurred after two young men approached his car at a stop sign. Rivera assumed they were Norteno gang members because of their red clothing and was aware Carranza "had [a] beef" with one of them.

Rivera exited the car with Carranza in anticipation of a fight. Moments later, he heard gunshots and realized Carranza was firing a pistol. Rivera returned to the driver's seat and drove off as soon as Carranza got back into the vehicle. Later, as Rivera was driving away from the first crime scene, Carranza opened fire on a different group of people.

Carranza was apprehended by police in October 2010. He confessed to being the gunman in both incidents and admitted his membership in a subset of the Sureno criminal street gang. Carranza explained that the first shooting was motivated by an ongoing personal dispute between him and a Norteno gang member whom he knew as "Night Crawler" (later identified as Fabian Rivera). The impetus for the second incident was simply gang rivalry. A group of people had allegedly flashed Norteno gang signs at Carranza and his companions, and Carranza responded by shooting at them.

Carranza and Rivera were charged together in an information containing three counts of attempted murder (§§ 187, subd. (a), 664; Counts 1, 2, & 3) and one count of

3.

active participation in a criminal street gang (§ 186.22, subd. (a); Count 4). A fifth count against Rivera for unlawful cultivation of marijuana was dismissed by the prosecution during pretrial proceedings. Enhancement allegations attached to the substantive charges included, with respect to Rivera, unlawful possession of a firearm (§ 12022, subd. (a)) in connection with Count 4. He was further alleged to have suffered a prior strike and serious felony conviction (§ 667, subds. (b)-(e), 1170.12, subds. (a)-(d)) in November 2008 for active participation in a criminal street gang.

The defendants were tried jointly before a jury in April 2012. Eyewitness testimony was provided by the victims and three bystanders. Victims Fabian Rivera and Jose Ibarra confirmed their gang affiliations with the Nortenos during the relevant time period. Bassan Ahmed denied being in a gang but admitted he had been wearing red clothing and standing among a group of Nortenos at the time he was shot. Mr. Ahmed said it was possible another person in his group had displayed gang signs when the defendants drove past them.

Detective Travis Shaw of the Tulare County Sheriff's Department testified as a gang expert. His testimony described the membership, organizational structure, identifying characteristics, and primary activities of the Sureno criminal street gang in Tulare County. The Surenos associate themselves with the color blue and are rivals of the Norteno criminal street gang, which identifies with the color red. Both groups regularly commit acts of violence against one another. Detective Shaw opined that certain tattoos on appellant's body, including one on his face, were indicative of a deep commitment to the Surenos.

Carranza and Rivera stipulated they were "either associated with or part of a Sureno criminal street gang" on the date in question. The jury also heard a portion of Carranza's taped confession. Excerpts from Rivera's confession were read into the record by the police officer who conducted his interview.

4.

Rivera testified briefly in his own defense. He informed the jury that he had dropped out of the Surenos and was no longer associated with a gang. Rivera did not deny his involvement in the underlying events, but claimed he was not responsible for Carranza's actions.

Carranza was convicted on the lesser charge of attempted manslaughter under Counts 1, 2, and 3, and of active participation in a criminal street gang as alleged in Count 4. The jury acquitted Rivera on the first three counts, but found him guilty under Count 4 and returned a true finding on the related firearm enhancement allegation. The prior strike and serious felony conviction allegations were found true in a bifurcated bench trial.

Rivera was sentenced to ten years in prison. His sentence was calculated using the middle term of two years for the section 186.22, subdivision (a) offense, which was doubled to four years as a result of the prior strike (§1170.12, subd. (c)(1)), plus five consecutive years for the prior serious felony conviction (§ 667, subd. (a)(1)), and one additional year for the firearm enhancement (§ 12022, subd. (a)(1).) Fines and fees were also imposed.

## DISCUSSION

Rivera claims the evidence presented at trial was insufficient to support his conviction for active participation in a criminal street gang pursuant to section 186.22, subdivision (a) (section 186.22(a)). The familiar standard of review requires us to examine the entire record to determine whether substantial evidence exists such that a reasonable trier of fact could have found him guilty beyond a reasonable doubt. (*People v. Alexander* (2010) 49 Cal.4th 846, 917.) Evidence is substantial if it reasonably inspires confidence and is of credible and solid value. (*People v. Raley* (1992) 2 Cal.4th 870, 891.)

Our assessment is highly deferential to the verdict in that we presume every supporting fact the jury could have reasonably deduced from the evidence. (*People v.*

5.

*Albillar* (2010) 51 Cal.4th 47, 60; *People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 538.) A reversal is not warranted unless the evidence is insufficient to support the verdict under any hypothesis. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.) As we explain, Rivera cannot overcome the burden imposed by this standard.

"The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130 (*Rodriguez*).) The phrase "willful promotion, furtherance, or assistance" has been equated with aiding and abetting.[3] (*People v. Castenada* (2000) 23 Cal.4th 743, 749.) Therefore, the third element is satisfied when there is substantial evidence of aiding and abetting the commission of a separate felony offense, regardless of whether the separate offense is gang-related. (*Rodriguez, supra,* 55 Cal.4th at p. 1131.)

The issue before us is framed in light of two circumstances. First, since Carranza admitted he was the shooter, the prosecution proceeded against Rivera on a theory of aiding and abetting liability. Second, the jury's verdict implies a rejection of the aiding and abetting theory on the charges of attempted murder and/or attempted manslaughter in Counts 1, 2, and 3.

Rivera submits that "[b]y virtue of the acquittal of each attempted murder, the record conclusively establishes, under the law, as clarified by our State Supreme Court,

---

[3] Aiding and abetting requires action or advice which aids, promotes, encourages, or instigates the commission of a crime. The aider and abettor must have knowledge of the perpetrator's unlawful purpose and the intent or purpose of committing, facilitating or encouraging their commission of the crime. (*People v. Delgado* (2013) 56 Cal.4th 480, 486.)

that appellant did *not* aid and abet a separate felony offense by gang members, and therefore cannot lawfully stand convicted under section 186.22(a)." He is mistaken. Appellant's reasoning is coherent, but the argument fails to account for the inconsistent verdict doctrine.

Section 954 provides, in relevant part, "An acquittal of one or more counts shall not be deemed an acquittal of any other count." In other words, even though an acquittal on one count may be factually irreconcilable with a conviction on another, both verdicts must be credited. (*People v. Abilez* (2007) 41 Cal.4th 472, 513.) "[The] inconsistency may show no more than jury lenity, compromise, or mistake, none of which undermines the validity of a verdict." (*People v. Lewis* (2001) 25 Cal.4th 610, 656 (*Lewis*).) Since the defendant has received the benefit of the acquittal, "'it is neither irrational nor illogical to require [him] to accept the burden of conviction on the counts on which the jury convicted.'" (*People v. Santamaria* (1994) 8 Cal.4th 903, 911, quoting *United States v. Powell* (1984) 469 U.S. 57, 69.) It follows that an inherently inconsistent verdict will stand on its own if otherwise supported by substantial evidence in the record. (*Lewis, supra,* 25 Cal.4th at p. 656.)

Given the stipulations offered at trial and testimony by the prosecution's gang expert, appellant's conviction under Count 4 clearly hinged upon the third element of section 186.22(a). As explained above, it is incorrect for Rivera to argue "[t]here is no jury finding in the record that [he] promoted, furthered or assisted Carranza in the shootings." The requisite finding exists by virtue of the conviction, regardless of any contrary findings implied by his acquittal on the remaining counts. (§ 954; see *People v. Cruz* (1996) 13 Cal.4th 764, 771 ["A judgment of conviction establishes the necessarily adjudicated elements of the crime involved in the conviction…."].) Our task, therefore, is to determine whether the record contains substantial evidence to show Rivera aided and abetted Carranza in committing a felony offense, namely attempted manslaughter.

Aiding and abetting may be inferred from a defendant's presence at the scene of the crime, companionship with the perpetrator, and conduct before and after the offense, including flight.  (*People v. Medina* (2009) 46 Cal.4th 913, 924, citing *People v. Haynes* (1998) 61 Cal.App.4th 1282, 1294.)  No one factor is dispositive of the issue, but a combination of these circumstances can satisfy the substantial evidence test.  (*People v. Miranda* (2011) 192 Cal.App.4th 398, 407; *In re Lynette G.* (1976) 54 Cal.App.3d 1087, 1094-1095 (*Lynette G.*).)  In this case, each factor supports the jury's guilty verdict.

An eyewitness to the first incident, which occurred on or near Sutter Avenue, testified that Rivera's car "peeled out right after the shooting," i.e., departed the scene at a high rate of speed.  Instead of leaving his fellow Sureno behind, Rivera facilitated his escape.  By the time they reached Bassan Ahmed and the group of Nortenos standing on the corner of Sutter Avenue and State Street, Rivera knew Carranza was armed and that he had no qualms about shooting at rival gang members.  Moreover, according to Mr. Ahmed, the car was moving slowly during the second shooting incident.   Once the shooting was over, Rivera drove his passengers back to his house.

Rivera's failure to immediately disassociate himself from the perpetrator permits a logical inference of complicity.  (See *People v. Jones* (1980) 108 Cal.App.3d 9, 15; *Lynette G.*, *supra*, 54 Cal.App.3d at p. 1095.)  The jury could have reasonably deduced that Rivera slowed down as he approached Mr. Ahmed's group to assist Carranza in carrying out the drive-by shooting.  These incriminating circumstances, combined with the factors of presence, companionship, flight, and the likely motives of gang rivalry and loyalty, constitute substantial evidence in support of the finding that Rivera willfully promoted, furthered, and/or assisted Carranza in committing attempted manslaughter.

Rivera purports to rely on the California Supreme Court's holding in *Rodriguez*, *supra*, as the basis for his appeal.  The *Rodriguez* opinion merely holds that a lone actor cannot violate section 186.22(a).  (*Rodriguez*, *supra*, 55 Cal.4th at p. 1139.)  As

explained above, Rivera's arguments are actually based on a misconception about the significance of an inconsistent verdict.

The *Rodriguez* defendant was a gang member who acted alone in an attempted robbery. (*Rodriguez*, *supra*, 55 Cal.4th at p. 1128.) Despite the solitary nature of the offense, the defendant was successfully prosecuted under section 186.22(a) on the theory that engaging in felonious conduct can have the effect of promoting and/or furthering the primary activities of a criminal street gang. (*Id*. at p. 1129.) The California Supreme Court reversed the conviction in light of "the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done *collectively* with gang members." (*Id*. at p. 1139, original italics.)

Rivera directs our attention to a sentence in the *Rodriguez* opinion which states: "The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1132.) This language does not substantiate appellant's argument for reversal. The jury below did find that felonious conduct was committed by two gang members. The felonious conduct by Carranza was attempted manslaughter. Rivera's felonious conduct included the act of aiding and abetting Carranza in the commission of attempted manslaughter, as reflected in his conviction under section 186.22(a).

To the extent Rivera is claiming a separate felony *conviction* is required to sustain a charge under section 186.22(a), his argument is overreaching. A violation of section 186.22(a) is a substantive offense. (*Rodriguez*, *supra*, 55 Cal.4th at p. 1130; *People v. Briceno* (2004) 34 Cal.4th 451, 458, fn. 6.) "'[S]ubstantive offenses are discrete, independent charges, and conviction of any one is not formally contingent on conviction on any other.'" (*People v. Williams* (1996) 49 Cal.App.4th 1632, 1642, quoting with approval the proposition stated by the Attorney General.) The *Rodriguez* opinion notes that a defendant found guilty of the substantive gang participation offense

will "presumably be sentenced for the underlying felony as well as the separate conviction." (*Rodriguez*, *supra*, 55 Cal.4th at p. 1139, fn. 9.) However, "presumably" does not mean "necessarily," and this case presents a rare, yet permissible exception to the general rule.

The *Rodriguez* case does not remotely suggest a defendant who is found to have aided and abetted a fellow gang member in the commission of a felony offense can escape punishment under section 186.22(a) by the fortuity of inconsistent jury verdicts on other counts. "[I]t is axiomatic that cases are not authority for propositions not considered." (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176.) While Rivera's conviction under Count 4 may seem odd given the disposition of other charges, the verdict is supported by substantial evidence and is therefore valid.

## DISPOSITION

The judgment is affirmed.