Filed 6/17/14 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B249557 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA036692) |
| v. | |
| OSCAR MACHADO, | ORDER MODIFYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on May 30, 2014, be modified as follows.

At the end of the first paragraph on page 10, after "his second degree burglary conviction," add as footnote 2 the following footnote:

**2** Based upon our analysis of the language of section 1170.126 set forth herein, as well as our analysis of the apparent voters' intent in enacting Proposition 36, as set forth in the next section, respectfully, we do not agree with *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, 946–948. We further note *Braziel* relied in part on the provisions of section 1170.126, subdivision (e)(2), which, by reference to sections 667, subdivision (e)(2)(C)(i)–(iii) and 1170.12, subdivision (c)(2)(C)(i)–(iii), sets forth particular types of offenses, enhancements, and aspects of offenses, such as being armed with a deadly weapon during the commission of the offense. (*Braziel*, at p. 947.) Although Mr. Braziel apparently fell within the scope of section 1170.126, subdivision (e)(2) because he committed assault with a deadly weapon, a knife, many inmates petitioning for

resentencing, including Mr. Machado, do not. Accordingly, the facts of *Braziel* are also distinguishable.

There is no change in the judgment.

Respondent's petition for rehearing is denied.


  CHANEY, Acting P. J.      JOHNSON, J.      MILLER, .J.*

---

   * Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 5/30/14  Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR MACHADO,<br><br>    Defendant and Appellant.</td><td>B249557<br><br>(Los Angeles County<br>Super. Ct. No. YA036692)</td></tr>
</table>

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Reversed with directions.

Larry Pizarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Supervising Deputy Attorney General, Noah P. Hill and Jonathan Kline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Oscar Machado appeals from an order denying his petition for Proposition 36 resentencing pursuant to Penal Code section 1170.126[1] with respect to one of the two 1998 commitment offenses for which he received consecutive third-strike terms of 25 years to life.

Although defendant recognizes he is ineligible for resentencing with respect to his first degree burglary conviction because it was a "serious" offense, he contends the trial court erred by concluding he was ineligible with respect to his second degree burglary conviction. We agree. Although section 1170.126 does not address eligibility for resentencing where a petitioner's commitment offenses include both a felony categorized as serious or violent and a felony that is not so categorized, a conclusion that nonserious/nonviolent offenses are eligible for resentencing (absent other disqualifying factors) is consistent with the language of the statute and would advance the voters' intent in enacting Proposition 36.

## BACKGROUND

According to defendant's petition for resentencing, a jury convicted him in 1998 of one count of first degree burglary and one count of second degree burglary. Defendant waived a jury trial on two strike allegations, both robberies, and the court found these allegations true. The court sentenced defendant to consecutive third-strike terms of 25 years to life.

Defendant filed a petition for resentencing, listing his current and prior offenses, and requesting resentencing on both of his commitment offenses. The trial court denied the petition, stating defendant's first degree burglary conviction rendered him ineligible for resentencing.

---

[1] Undesignated statutory references pertain to the Penal Code.

2

# DISCUSSION

## A.    Appealability

The Attorney General contends the trial court's order was not appealable.  The appellate courts have reached conflicting conclusions on this issue, which is pending before the California Supreme Court in *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708, and *In re Martinez* (2014) 223 Cal.App.4th 610, review granted May 14, 2014, S216922.  This division concluded in *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017, an order denying a petition for resentencing was appealable.  We decline to revisit this issue, and instead proceed to the merits because if the trial court's order were not appealable, it would be reviewable by a petition for a writ of habeas corpus.  No purpose would be served by requiring defendant to refile this matter as a writ petition.  Because the issue remains open, we treat the instant appeal as a petition for a writ of habeas corpus.

## B.    Eligibility for resentencing under the Three Strikes Reform Act of 2012

On appeal, defendant concedes he is not eligible for resentencing on his first degree burglary conviction, which is categorized as a "serious" felony.  (§ 1192.7, subd. (c)(18).)  The sole issue is whether he is nonetheless eligible for resentencing with respect to his other commitment offense, the second degree burglary, which is neither "serious" nor "violent."

Proposition 36, also known as the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and went into effect the next day.  It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the "third strike" offense is a serious or violent felony or the prosecution pleads and proves an enumerated triggering factor.  (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(C).)

Proposition 36 also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the Three Strikes law "whose sentence under this act would not have been an

3

indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be resentenced as a second-strike offender. (§ 1170.126, subd. (b).)

Essentially, an inmate is eligible for such resentencing if his or her commitment offense is not a serious or violent felony and none of the factors that would trigger a third-strike sentence under the Three Strikes law as reformed by Proposition 36 apply. (§ 1170.126, subd. (e).) Resentencing of qualified inmates may nonetheless be refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Subdivision (g) of section 1170.126 sets forth several factors that a trial court may consider in exercising that discretion.

Section 1170.126 does not address what a trial court should do in the more complex circumstances of a petitioner with multiple third-strike sentences, some of which would fall within the statute's resentencing eligibility provisions if considered independently and others that do not. Accordingly, we must interpret the statute.

## C.    Statutory interpretation principles

In construing a statute enacted by voter initiative, we apply the same rules of statutory construction that apply to legislative enactments to attempt to determine the intent of the electorate. (*People v. Park* (2013) 56 Cal.4th 782, 796.) In determining that intent, we first examine the words of the statute, viewing them in their statutory context and giving them their ordinary and usual meaning, because the language of a statute is usually the most reliable indicator of legislative intent. (*People v. Albillar* (2010) 51 Cal.4th 47, 55 (*Albillar*); *People v. Wright* (2006) 40 Cal.4th 81, 92.) We interpret a statute """"with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness."""" (*State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043.) "Once the electorate's intent has been ascertained, the provisions must be construed to conform to that intent. [Citation.] '[W]e

4

may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.'" (*Park*, at p. 796.)

Where the language of a statute is unambiguous, the plain meaning controls and we have no occasion to resort to principles of statutory construction or extrinsic sources. (*Albillar*, *supra*, 51 Cal.4th at p. 55.)  Where the language is ambiguous, we examine other indicators of the voters' intent, particularly the analyses and arguments in the official ballot pamphlet.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459.)

**D.    Interpretation in light of the language of section 1170.126 and the ballot pamphlet**

Defendant relies almost exclusively on the language of section 1170.126 to support his interpretation, while the Attorney General relies solely upon ballot pamphlet materials.  We necessarily consider both.

**1.    Interpreting the statutory language**

The pertinent portions of section 1170.126 are the following:

"(a)  The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence.

"(b)  Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section.  [¶]  . . . [¶]

"(d)  The petition for a recall of sentence described in subdivision (b) shall specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, or both, and shall also specify all of the prior convictions alleged and proved under subdivision (d) of Section 667 and subdivision (b) of Section 1170.12.

"(e)  An inmate is eligible for resentencing if:

"(1)  The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2)  The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3)  The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(f)  Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e).  If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

"(g) In exercising its discretion in subdivision (f), the court may consider:

"(1) The petitioner's criminal conviction history, including the type of crimes committed, the extent of injury to victims, the length of prior prison commitments, and the remoteness of the crimes;

"(2) The petitioner's disciplinary record and record of rehabilitation while incarcerated; and

"(3) Any other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety."

The language of the statute is consistent with a conclusion that a petitioner is eligible for resentencing on a third-strike term that was imposed for a nonserious, nonviolent commitment offense, notwithstanding ineligibility on other third-strike terms, provided, of course, that the factors set forth in section 1170.126, subdivision (e)(2) and (e)(3) are satisfied. Such a petitioner falls within the scope of section 1170.126, subdivision (a) because he or she is "presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence," even though he or she is also serving a term that would have been an indeterminate life sentence under the Three Strikes Reform Act of 2012.

Such a petitioner also belongs to the class of persons set forth in section 1170.126, subdivision (b) who are allowed to petition for resentencing because he or she is "serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7," even though he or she is also serving a third-strike term for a commitment offense that is defined as a serious or violent felony. Notwithstanding his or her other indeterminate life term for a conviction of a serious or violent felony, such a petitioner also satisfies the eligibility description set forth in section 1170.126, subdivision (e)(1), which uses language virtually identical to that in section 1170.126, subdivision (b).

7

Although a trial court might, as an exercise of discretion pursuant to section 1170.126, subdivision (f), conclude that such a petitioner "would pose an unreasonable risk of danger to public safety," nothing in section 1170.126 precludes resentencing with respect to a nonserious, nonviolent felony where the petitioner is also serving an indeterminate third-strike life term for a serious or violent felony.

In fact, the use of the word "any" to modify "person" in the first sentence of subdivision (b) suggests that the statute was intended to be construed broadly to allow anyone not expressly excluded to file a petition requesting resentencing pursuant to the statute. (E.g., *Ennabe v. Manosa* (2014) 58 Cal.4th 697, 714 ["Use of the term 'any' to modify the words 'transaction' and 'consideration' demonstrates the Legislature intended the law to have a broad sweep and thus include both indirect as well as direct transactions"]; *Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 533 [Legislature's use of the word "any" suggested it intended a broad construction]; *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 920 [same].) Defendant falls within the term "Any person," indicating he is within the class of persons eligible for resentencing under section 1170.126.

Similarly, subdivision (e) of section 1170.126 starts with the phrase "[a]n inmate is eligible for resentencing if . . . ." This appears equivalent to a statement that "any" inmate is eligible only if he or she meets the criteria set forth in the statute. This, too, may be read to imply that the statute was intended to be given a broad construction with respect to any inmate who met the statutory prerequisites. Again, defendant would be eligible for resentencing under the wording of the statute.

If Proposition 36 had been intended to preclude resentencing for a third-strike inmate such as defendant, the drafters easily could have so stated, for example, by adding a fourth paragraph to section 1170.126, subdivision (e) that provided an inmate is eligible for resentencing if no portion of his or her current indeterminate life sentence was imposed for any felony defined as a serious and/or violent felony. They did not do so.

8

Considering the statute as a whole, it also should be noted that subdivision (f) provides a fail-safe device that insures that dangerous offenders will not be resentenced automatically, even if they meet the express criteria of the statute. The trial court has discretion to reject their requests for resentencing if it "determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

An important role also is played by the portion of subdivision (d) that requires the petitioner to "specify all of the currently charged felonies, which resulted in the sentence under paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12." The presence of this provision insures that, in exercising its discretion under subdivision (f), the trial court will have before it a significant body of relevant information as to other convictions. The court may place weight on concurrent convictions for nonserious, nonviolent felonies if they appear to deserve weight, or discount their importance if they do not. In light of the role subdivision (d) plays in facilitating the trial court's exercise of its discretion under subdivision (f), we do not detect in it any implied requirement that the court decline to exercise discretion and instead deny a petition automatically because of the presence of a nonserious, nonviolent commitment offense that accompanies a serious, violent one. Quite to the contrary, the statute contemplates that the court will exercise its discretion as opposed to following any blanket rule.

To the extent a petitioner like the defendant here may be considered a danger to public safety because he or she has been convicted of a third strike that is both serious and violent and one that is not, the trial court has a mechanism created by subdivision (f) that allows it to exercise its discretion to protect the public from the inmate's release if it deems it necessary. Thus, there is no need for a blanket rule that any petitioner who has been convicted of a third strike that is a serious or violent crime must be disqualified automatically from obtaining resentencing on an additional third strike offense that is neither serious nor violent.

9

Accordingly, the language of the statute supports defendant's eligibility for resentencing with respect to his second degree burglary conviction.

**2. Interpretation in light of the statements in the in ballot pamphlet**

Nothing in the ballot pamphlet addressed the issue in this case. The Official Title and Summary section stated the following regarding resentencing: "Authorizes re-sentencing for offenders currently serving life sentences if third strike conviction was not serious or violent and judge determines sentence does not pose unreasonable risk to public safety." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) Official Title and Summary of Prop. 36, p. 48.)

The section of the ballot pamphlet setting forth the Legislative Analyst's analysis stated the following regarding resentencing: "This measure allows certain third strikers to apply to be resentenced by the courts. The measure limits eligibility for resentencing to third strikers whose current offense is nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies. Courts conducting these resentencing hearings would first determine whether the offender's criminal offense history makes them eligible for resentencing. The court would be required to resentence eligible offenders unless it determines that resentencing the offenders would pose an unreasonable risk to public safety. In determining whether an offender poses such a risk, the court could consider any evidence it determines is relevant, such as the offender's criminal history, behavior in prison, and participation in rehabilitation programs." (Voter Information Guide, *supra*, Analysis by the Legislative Analyst of Prop. 36, p. 50.)

Nothing in the arguments in favor of Proposition 36 in the Voter Information Guide addressed eligibility for resentencing, but they are nonetheless instructive. The first argument urged, "MAKE THE PUNISHMENT FIT THE CRIME [¶] Precious financial and law enforcement resources should not be improperly diverted to impose life sentences for some non-violent offenses. Prop. 36 will assure that violent repeat

10

offenders are punished and not released early." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The second stated, "SAVE CALIFORNIA OVER $100 MILLION EVERY YEAR [¶] Taxpayers could save over $100 million per year—money that can be used to fund schools, fight crime and reduce the state's deficit. The Three Strikes law will continue to punish dangerous career criminals who commit serious violent crimes— keeping them off the streets for 25 years to life." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The third argument urged, "MAKE ROOM IN PRISON FOR DANGEROUS FELONS [¶] Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The fourth argument was, "LAW ENFORCEMENT SUPPORT [¶] Prosecutors, judges and police officers support Prop. 36 because Prop. 36 helps ensure that prisons can keep dangerous criminals behind bars for life. Prop. 36 will keep dangerous criminals off the streets." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The fifth argument said, "TAXPAYER SUPPORT [¶] Prop. 36 could save $100 million every year. Grover Norquist, President of Americans for Tax Reform says, 'The Three Strikes Reform Act is tough on crime without being tough on taxpayers. It will put a stop to needlessly wasting hundreds of millions in taxpayers' hard-earned money, while protecting people from violent crime.' The California State Auditor projects that taxpayers will pay millions to house and pay health care costs for non-violent Three Strikes inmates if the law is not changed. Prop. 36 will save taxpayers' money." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The final argument stated, "TOUGH AND SMART ON CRIME [¶] Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform. Repeat

11

criminals will get life in prison for serious or violent third strike crimes.  Repeat offenders of non-violent crimes will get more than double the ordinary sentence.  Any defendant who has ever been convicted of an extremely violent crime—such as rape, murder, or child molestation—will receive a 25 to life sentence, no matter how minor their third strike offense."  (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

The opponents of the proposition argued that Proposition 36 would allow dangerous criminals to be released, sometimes without parole or law enforcement supervision, that the proposed enactment was unnecessary and opposed by law enforcement, and that it would not reduce taxes.

In their rebuttal to the arguments against Proposition 36, the proponents stated, "Today, dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public.  Prop. 36 prevents dangerous criminals from being released early.  People convicted of shoplifting a pair of socks, stealing bread or baby formula don't deserve life sentences."  (Voter Information Guide, *supra*, Rebuttal to Argument Against Prop. 36, p. 53.)

From these ballot pamphlet arguments, we conclude the intent of the voters in enacting Proposition 36 was twofold.  One objective was to continue to imprison for 25 years to life those inmates convicted of serious and violent offenses falling within the Three Strikes law.  The second was to save state resources—both money and prison space—without undermining the first objective.  The resolution most faithful to the voters' intent is a twofold approach, not a blanket endorsement of the first objective that undercuts the second objective.

In the present case, resentencing defendant on the nonserious, nonviolent felony would result in parole eligibility and possible release 19 years earlier than if no resentencing occurred.  The voters' apparent goal of saving money and prison space by not incarcerating defendant for an additional 19 years based on his nonserious, nonviolent crime would be implemented.  Such implementation would not thwart the

12

voters' other goal of keeping inmates convicted of serious, violent crimes in prison for 25 years to life. The defendant here still would serve 25 years to life for the serious, violent offense. Moreover, if the trial court were to identify defendant as a criminal whose early release would pose an unreasonable risk of danger to public safety, the court could refuse to resentence him on the nonviolent offense pursuant to subdivision (f). In exercising its discretion to do so, the trial court would be able to consider the nonserious, nonviolent offense and make an informed determination as to whether that crime should prevent resentencing. The voters would stand to gain a savings on 19 years of incarceration costs, while benefiting from the option of keeping the defendant incarcerated for more than 25 years to life if the trial court determined that he posed the danger contemplated by the statute.

On the other hand, a blanket rule making this defendant ineligible for resentencing on the nonserious, nonviolent crime would deprive the voters of the savings they might realize through a release 19 years earlier and also rob them of the opportunity for the trial court to make a particularized and informed decision as to whether or not a specific inmate should be resentenced on his nonserious, nonviolent criminal conviction. Indeed, a blanket disqualification of defendants serving third-strike terms for both serious or violent offenses and nonserious, nonviolent offenses would effectively constitute a per se determination that such defendants pose an unreasonable risk of danger to public safety in the context of their nonserious, nonviolent commitment offense, without consideration of any evidence or any of the factors expressly incorporated in the Three Strikes Reform Act of 2012. Absent an indication that the voters intended such a per se determination, we conclude an interpretation of the statute automatically excluding such petitioners from resentencing eligibility is inconsistent with the voters' intent to save money and prison space while continuing to incarcerate only third-strike defendants who pose an unreasonable risk to public safety.

Finally, to the extent the language of the statute and the ballot pamphlet can be deemed to equally support defendant's interpretation and the Attorney General's

13

interpretation, the rule of lenity requires that we adopt the interpretation more favorable to defendant.  (*People v. Nuckles* (2013) 56 Cal.4th 601, 611; *People v. Arias* (2008) 45 Cal.4th 169, 177.)

Where, as here, a statute has been enacted with two objectives in mind, it is more consistent with the voters' two-pronged approach to interpret the statute to accommodate both prongs rather than to offer a blanket interpretation that favors one objective over the other.  The approach urged by the Attorney General prefers incarceration to saving resources.  The approach we adopt seeks to accommodate both equally.

Accordingly, we conclude the trial court erred by deeming defendant ineligible for resentencing on his second degree burglary count because of his conviction of a serious, violent felony along with the nonserious, nonviolent second degree burglary count.  We direct the trial court to reconsider defendant's petition with respect to the second degree burglary count.  The trial court retains full discretion pursuant to section 1170.126, subdivisions (f) and (g), and it may consider all relevant factors, including defendant's first degree burglary conviction, in exercising its discretion.

## DISPOSITION

The judgment is reversed. The trial court is directed to reconsider defendant's eligibility for resentencing under Penal Code section 1170.126 with respect to his second degree burglary conviction.

CERTIFIED FOR PUBLICATION.


MILLER J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

15