Filed 12/8/15  P. v. Gregory CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263652 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA033903) |
| v. | |
| WALTER GREGORY, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill, Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Walter Gregory, Jr. was sentenced to an indeterminate life term under the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] after a jury convicted him in 1998 of being a felon in possession of a firearm (former § 12021, subd. (a)(1)).  After Proposition 36 was enacted in 2012, defendant petitioned to have his indeterminate life sentence recalled under section 1170.126, and the trial court denied his petition.  We affirm because the defendant was "armed" during his gun possession offense and therefore ineligible for relief under Proposition 36.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying defendant's gun possession conviction were described in an unpublished opinion by this court affirming defendant's conviction as follows.  Police "blocked a car containing defendant and defendant's brother-in-law, Eugene Payne (Eugene).  Eugene was in the driver's seat, and defendant was in the right rear passenger seat.  Both men were ordered by officers at gunpoint to put their hands in the air.  Eugene immediately complied, but defendant kept his hands down, moving them outside of the view of the officers.  [¶]  Eventually, both defendant and Eugene were removed from the car.  Officers recovered a loaded chrome .380 semiautomatic pistol from an area under the right rear passenger seat.  Defendant told Officer Michael Shimkus the gun had been handed to him by a motel occupant, who told him to hide the gun.  Eugene told Officer Chris Komathy that when the officers arrived, defendant told Eugene, 'Tell them it[']s your gun. Tell them it[']s your gun.'"  A jury convicted defendant of being a felon in possession of a gun, defendant admitted to suffering three prior "strike" convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and was sentenced to an indeterminate prison term of 25 years to life.

In 2012, the voters enacted Proposition 36, which "amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third

---

[1] All further statutory references are to the Penal Code.

strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. (Pen. Code, §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) [Proposition 36] also enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence. (§ 1170.126, subd. (b).)" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597, fn. omitted.)

After Proposition 36 was enacted, defendant filed a petition to recall his indeterminate sentence. After briefing and a hearing at which the trial court accepted into evidence transcripts from the 1998 criminal trial and a copy of our 1999 opinion affirming the judgment, the court denied the petition, finding defendant was ineligible for relief under Proposition 36 because he was armed with a firearm. (§§ 667, subd. (c)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), 1170.126, subd. (e)(2).)

## DISCUSSION

Defendant contends the trial court's order erroneously construed the ineligibility criteria set forth in Proposition 36. He argues that nothing in the statutory language disqualifies a defendant who is serving a sentence based solely on a charge of gun possession. (§§ 667, subd. (c)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e)(2).) Consistent with published opinions from the Third, Fourth, and Fifth District Courts of Appeal, we reject defendant's contention.

The court's order denying the petition for resentencing is an appealable postjudgment order. (§ 1237, subd. (b); *Teal v. Superior Court*, *supra*, 60 Cal.4th at p. 601.) "'In interpreting a voter initiative . . . we apply the same principles that govern statutory construction. [Citation.] Thus, "we turn first to the language of the statute, giving the words their ordinary meaning." [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] When the language is ambiguous, "we refer

3

to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.] In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' [Citation.]" (*People v. Briceno* (2004) 34 Cal.4th 451, 459; accord, *People v. Park* (2013) 56 Cal.4th 782, 796.)

Section 1170.126, subdivision (e), sets forth eligibility criteria that a defendant must meet in order to be resentenced under Proposition 36. A defendant is only eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).) A defendant is not eligible for resentencing if the indeterminate term was imposed for an offense where "[d]uring the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii); see § 1170.126, subd. (e)(2).)

"'[A]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. [Citations.]" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1051-1052 (*Blakely*).) This definition applies to the arming exclusion to resentencing eligibility at issue in this case. (*Ibid*.) Where "the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief . . . ." (*People v. White* (2014) 223 Cal.App.4th 512, 519 (*White*).)

It is clear from the record that at the time police encountered defendant, he had a firearm "available for use, either offensively or defensively" and was therefore "armed with a firearm." (*Blakely, supra,* 225 Cal.App.4th at p. 1051.) When officers first found defendant in the right rear passenger seat of his brother-in-law's car, they ordered defendant and his brother-in-law to put their hands in the air. Defendant kept his hands

4

down, and after he was removed from the car, officers found a gun in an area under the right rear passenger seat.  The court correctly found that defendant was ineligible for resentencing under Proposition 36 because he was armed with a firearm.

Defendant acknowledges that there have been several published opinions from the Third, Fourth, and Fifth District Courts of Appeal rejecting his argument.  (See, e.g., *People v. Hicks* (2014) 231 Cal.App.4th 275, 283-284; *People v. Brimmer* (2014) 230 Cal.App.4th 782, 797-799; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314; *Blakely, supra,* 225 Cal.App.4th at pp. 1054-1057; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1038; *White, supra,* 223 Cal.App.4th at p. 519.)  Defendant contends that each of these cases is either distinguishable or wrongly decided.  We are not persuaded.

## DISPOSITION

The order denying the petition for resentencing is affirmed.

KRIEGLER, J.

We concur:

TURNER, P. J.

BAKER, J.

5